LATHAM & WATKINS LLP
Matthew Rawlinson (SBN 231890)
140 Scott Drive
Menlo Park, California 94025
T: (650) 328-4600 / F: (650) 463-2600
matthew.rawlinson@lw.com

Elizabeth Deeley (SBN 230798)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
T: (415) 391-0600 / F: (415) 395-8095
elizabeth.deeley@lw.com

Andrew B. Clubok (*pro hac vice*)
Susan E. Engel (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
T: (202) 637-2200 / F: (202) 637-2201
andrew.clubok@lw.com
susan.engel@lw.com

Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, California 92130
T: (858) 523-5400 / F: (858) 523-5450
colleen.smith@lw.com

*Attorneys for Defendants Lyft, Inc., Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re LYFT, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Master File No. 4:19-cv-02690-HSG<br><br>**LYFT DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF RECENT DECISION**<br><br>Hon. Haywood S. Gilliam, Jr. |

Defendants[1] respectfully submit this response to Plaintiff's Statement of Recent Decision (ECF No. 90 ("Statement")) (submitting *Boston Retirement System v. Uber Techs, Inc.*, Case No: 3:19-cv-06361-RS, 2020 WL 4569846 (N.D. Cal. Aug. 7, 2020) (ECF No. 90-1, "Uber Order")).

The Court should strike the Statement because it is untimely under Local Rule 7-3(d)(2). Plaintiff submitted the Statement on August 10, 2020, weeks after the July 23, 2020 noticed hearing date on Defendants' motion to dismiss. Plaintiff recognizes this (ECF No. 90, n.1) but submitted the Statement anyway without the Court's approval: the Court should strike it on that basis. In the alternative—because Defendants do not have an opportunity to respond to the Statement at oral argument, as contemplated by Local Rule 7-3(d)(2) (*see* ECF No. 89 (Court order vacating the hearing and taking the pending motion to dismiss under submission.))— Defendants request that the Court consider their response to the Statement below.

Contrary to Plaintiff's argument, the Uber Order does not support Plaintiff's claims here. Consistent with Defendants' argument about Lyft's risk disclosures, Judge Seeborg held that Uber's risk disclosures were *not* generic. Uber Order, at *5. He found that the Uber plaintiffs nonetheless stated a claim because—unlike Plaintiff here—they pointed to statements that "affirmatively created an impression of an optimistic state [of] affairs … [that] differ[ed] in a material way from the one that actually existed." *Id.* at *5-6 (quoting *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)). Those statements included repeated assertions that even though Uber had "made 'missteps' in its past," Uber had "changed," had "turned over a new leaf" and it was a "new day at Uber." Judge Seeborg found that, "when presented in the context of Uber's troubled history and the 'new day' theme," plaintiffs' allegations that Uber had *not changed* triggered a duty to disclose. *Id.* at *5-7. The plaintiffs alleged that Uber *continued* to engage in illegal activity when launching in new markets and *continued* to tolerate sexual harassment and abuse of passengers and employees; plaintiffs also alleged that Uber had "intentionally delayed" "inevitable" layoffs and restructuring in order to mislead the market about its financial condition. *Id.* at *5.

---

[1] Defendants collectively refers to Lyft, Inc. ("Lyft"), Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter.

Plaintiff does not and cannot point to any similar statements in Lyft's offering materials. The Uber decision is not persuasive or controlling of the outcome here.

| | |
|---|---|
| Dated: August 14, 2020 | Respectfully submitted,<br>LATHAM & WATKINS LLP<br><br>By: */s/ Colleen C. Smith*<br>Colleen C. Smith (SBN 231216)<br>12670 High Bluff Drive<br>San Diego, California 92130<br>Telephone: (858) 523-5400<br>Facsimile: (858) 523-5450<br>colleen.smith@lw.com<br><br>Andrew B. Clubok (admitted *pro hac vice*)<br>Susan E. Engel (admitted *pro hac vice*)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: (202) 637-3323<br>Facsimile: (202) 637-2201<br>andrew.clubok@lw.com<br>susan.engel@lw.com<br><br>Elizabeth Deeley (SBN 230798)<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: (415) 391-0600<br>Facsimile: (415) 395-8095<br>elizabeth.deeley@lw.com<br><br>Matthew Rawlinson (SBN 231890)<br>140 Scott Drive<br>Menlo Park, California 94025<br>Telephone: (650) 328-4600<br>Facsimile: (650) 463-2600<br>matthew.rawlinson@lw.com<br><br>*Attorneys for Defendants Lyft, Inc., Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter* |