Jeffrey C. Block, *pro hac vice*
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

Whitney E. Street (SBN 223870)
**BLOCK & LEVITON LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 968-1852 phone
whitney@blockleviton.com

*Attorneys for Lead Plaintiff*
*Rick Keiner and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re Lyft, Inc. Securities Litigation, | Lead Case No.: 4:19-cv-02690-HSG |
| This document relates to: | **Lead Plaintiff's Notice of Motion and Motion for Class Certification and Memorandum of Points and Authorities in Support Thereof** |
| ALL ACTIONS | |
| | Date:        December 17, 2020 |
| | Time:        2:00 p.m. |
| | Courtroom:   Courtroom 2, 4th Floor |
| | Hon. Haywood S. Gilliam, Jr. |

**Table of Contents**

I.      Introduction ..................................................................................................................2

II.     The Proposed Class Satisfies Rule 23 ......................................................................4

   A.   Rule 23(a) Standards Are Satisfied .......................................................................5

      1.   Numerosity ...........................................................................................................5

      2.   Commonality ........................................................................................................6

      3.   Typicality ..............................................................................................................6

      4.   Adequacy ..............................................................................................................7

   B.   Rule 23(b)(3)'s Predominance Requirement is Satisfied .....................................8

      1.   Common Questions Predominate ..........................................................................8

      2.   A Class Action is Superior ...................................................................................9

III.    Conclusion ...............................................................................................................10

## Table of Authorities

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ...........................................................................................................8

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
  568 U.S. 455 (2013) ...........................................................................................................9

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988) ...........................................................................................................4

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) .............................................................................................4

*Brown v. China Integrated Energy, Inc.*,
  No. CV 11-02559 BRO (PLAx), 2015 WL 12720322 (C.D. Cal. Feb. 17, 2015) .....................6

*Connecticut Ret. Plans & Trust Funds v. Amgen, Inc.*,
  No. CV 07-2536 PSG (PLAx), 2009 WL 2633743 (C.D. Cal. Aug. 12, 2009) .........................7

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  563 U.S. 804 (2011) ...........................................................................................................8

*Ernst & Ernst v. Hochfelder*,
  425 U.S. 185 (1976) ...........................................................................................................4

*Freedman v. Louisiana-Pacific Corp.*,
  922 F. Supp. 377 (D. Or. 1996) .........................................................................................8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .....................................................................................6, 7, 8

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ..........................................................................................6, 7

*Hatamian v. Advanced Micro Devices, Inc.*,
  No. 14-cv-00226 YGR, 2016 WL 1042502 (N.D. Cal. Mar. 16, 2016) ..............................5, 9

*Hayes v. MagnaChip Semiconductor Corp.*,
  No. 14-cv-01160-JST, 2016 WL 7406418 (N.D. Cal. Dec. 22, 2016) ..................................5

*Herman & MacLean v. Huddleston*,
  459 U.S. 375 (1983) ...........................................................................................................4

*Holder v. Holder*,
    305 F.3d 854 (9th Cir. 2002) ............................................................................................10

*In re Bank One Sec. Litig./First Chicago S'holder Claims*,
    00 CV 0767, 2002 WL 989454 (N.D. Ill. May 14, 2002) ................................................4

*In re Cooper Cos. Sec. Litig.*,
    254 F.R.D. 628, 634 (C.D. Cal. 2009) .....................................................................5, 6, 7

*In re Credit Suisse-AOL Sec. Litig.*,
    253 F.R.D. 17 (D. Mass. 2008) .........................................................................................4

*In re Diamond Foods, Inc. Sec. Litig.*,
    295 F.R.D. 240 (N.D. Cal. 2013) .....................................................................................8

*In re Emulex Corp. Sec. Litig.*,
    210 F.R.D. 717 (C.D. Cal. 2002) .....................................................................................8

*In re LendingClub Sec. Litig.*,
    282 F. Supp. 3d 1171 (N.D. Cal. 2017) ...........................................................................6

*In re Magma Design Automation, Inc. Sec. Litig.*,
    No. C 05-2394 CRB, 2007 WL 2344992 (N.D. Cal. Aug. 16, 2007) .............................10

*In re Scorpion Techs., Inc. Sec. Litig.*,
    No. C 93 20333 RPA, 1994 WL 774029 (N.D. Cal. Aug. 10, 1994) ................................4

*In re Smart Techs., Inc. S'holder Litig.*,
    295 F.R.D. 50 (S.D.N.Y. 2013) .......................................................................................4

*In re Snap Inc. Sec. Litig.*,
    334 F.R.D. 209 (C.D. Cal. 2019) .....................................................................................6

*In re THQ, Inc. Sec. Litig.*,
    No. CV 00-1783 AHM (Ex), 2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) ..............4, 6

*In re Tyson Foods, Inc. Sec. Litig.*,
    CIV.A. 01-425-SLR, 2003 WL 22316548 (D. Del. Oct. 6, 2003) ...................................5

*In re VeriSign, Inc. Sec. Litig.*,
    No. C 02-02270 JW, 2005 WL 7877645 (N.D. Cal. Jan. 13, 2005) ................................8

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) ............................................................................................7

*Lewert v. Boiron, Inc.*,
  No. 2:11-cv-10803-SVW-SH, 2014 WL 12626335 (C.D. Cal. Nov. 5, 2014) ..........................9

*Nguyen v. Radient Pharm. Corp.*,
  287 F.R.D. 563 (C.D. Cal. 2012).........................................................................................5, 6

*R.R. Street & Co. Inc. v. Transport Ins. Co.*,
  656 F.3d 966 (9th Cir. 2011) ...............................................................................................10

*Schulein v. Petroleum Dev. Corp.*,
  SACV 11-1891 AG ANX, 2014 WL 2179341 (C.D. Cal. May 19, 2014) ...............................4

**Rules**

Fed. R. Civ. P. 23(a) ....................................................................................................................5

Fed. R. Civ. P. 23(a)(1) ...............................................................................................................5

Fed. R. Civ. P. 23(a)(4) ...........................................................................................................7, 8

Fed. R. Civ. P. 23(b)(3) ...............................................................................................................5

## Notice of Motion and Motion for Class Certification

PLEASE TAKE NOTICE THAT on December 17, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard by the Court, in the courtroom of the Honorable Haywood S. Gilliam, Jr., United States District Court for the Northern District of California, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Lead Plaintiff Rick Keiner will and hereby does move to certify a class under Fed. R. Civ. P. 23(a) and (b)(3), appoint Keiner as Class Representative, and appoint Block & Leviton LLP ("Lead Counsel" or "B&L") as Class Counsel pursuant to Fed. R. Civ. P. 23(g). Lead Plaintiff's Motion is based on this Notice of Motion and Motion for Class Certification, the accompanying Declaration of Whitney E. Street (the "Street Decl."), all pleadings and papers in this action, and any oral argument of counsel.

This is a prototypical class action. Lyft, Inc. ("Lyft" or the "Company") issued a registration statement declared effective by the United States Securities and Exchange Commission ("SEC") on March 28, 2019 (the "IPO Registration Statement") which contained untrue statements of material facts and/or omitted to disclose material facts required to be stated therein. Lyft sold 32.5 million shares of its common stock to investors pursuant to the IPO Registration Statement and tens of thousands of investors purchased such shares. The class is numerous, there is commonality, the Lead Plaintiff is typical and adequate, common questions predominate and a class action is superior to individual actions.

Accordingly, Lead Plaintiff respectfully requests that the Court certify this action as a class action, appoint Rick Keiner as the Class Representative, and appoint B&L to serve as Class Counsel, for a class consisting of:

> All persons and entities who purchased or otherwise acquired the common stock of Lyft issued and traceable to the IPO Registration Statement. Excluded from the Class are defendants and their families, the officers, directors and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heir, successors or assigns, any entity in which defendants have or had a controlling interest and any entity that underwrote the Lyft IPO including any officer, director or affiliate of any Lyft IPO underwriter.

**Statement of Issues to be Decided**

1.      Whether this action should be certified as a class action on behalf of "[a]ll persons and entities who purchased or otherwise acquired the common stock of Lyft issued and traceable to the IPO Registration Statement."

2.      Whether Lead Plaintiff Rick Keiner should be appointed as class representative, and his counsel of choice, B&L, should be appointed as Class Counsel.

**Memorandum of Points and Authorities**

**I.      Introduction**

This action charges that Lyft's IPO Registration Statement contained untrue statements of material facts and omitted to disclose material facts required to be stated therein. Lyft sold 32.5 million shares of common stock to public investors at $72 per share, for total proceeds of $2.34 billion. The IPO was declared effective by the SEC on March 28, 2019 and Lyft's shares were sold to investors that day and began to trade on the NASDAQ stock exchange.

On August 19, 2019, at the opening of trading, the underwriters of the IPO ended the lock-up agreement which prevented Lyft pre-IPO investors from publicly selling their shares; therefore, any shares traded between March 28, 2019 and August 18, 2019 were necessarily sold via the IPO and are traceable to the IPO Registration Statement.

By Order dated September 8, 2020, this Court granted in part, and denied in part, Defendants' Motion to Dismiss the First Amended Class Action Complaint ("FAC") (the "MTD Order") (ECF No. 96).[1] The Court denied the motion to dismiss in part, finding that the FAC sufficiently alleged that the IPO Registration Statement omitted material facts concerning rider safety, specifically with respect to sexual assault allegations against Lyft and its drivers. "Plaintiff's allegations that the omission of any mention of potential liability from sexual assaults perpetrated by drivers against riders made Lyft's statements regarding safety materially misleading

---

[1] The Defendants are: Logan Green, Co-Founder, Chief Executive Officer, and Director on Lyft's board of directors (the "Board"), John Zimmer, Co-Founder, President and Vice Chairman of the Board, Brian Roberts, Chief Financial Officer, Prashant (Sean) Aggarwal, Chairman of the Board, Board Members Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, Mary Agnes (Maggie) Wilderotter, and Former Board Member Jonathan Christodoro.

is sufficient." MTD Order at 9. The Court also found that Plaintiff's allegations under 17 C.F.R. §229.303(a)(3) and 17 C.F.R. §229.105, Items 303 and 105 respectively, required additional disclosure. "Plaintiff alleges that 'Lyft saw an increase in the number of sexual assaults its drivers committed' and that the '[s]exual assault complaints against Lyft drivers were abundant and increasing.' Plaintiff also alleges that Lyft faced 'severe risk of brand damage that could arise from sexual assault allegations' due to historical 'cultivat[ion] of an image of a Company built on trust, safety and a dedication.' These allegations are sufficient at this stage." *Id.* at 9-10, n.4. The Court further found "Plaintiff's allegations as to the related risk factor statements sufficiently plead a section 11 action." *Id.* at 11.

The Court also found allegations regarding "Lyft's bikeshare program were materially misleading because Lyft 'failed to disclose that thousands of the bikes in [its] rideshare program suffered from safety and maintenance issues that jeopardized the growth and success that Lyft hoped to achieve through expansion of its bikeshare offering." *Id.* at 16. "The Court finds that the allegations regarding the bikeshare program risk factor statements sufficiently state a claim under Section 11. Plaintiff alleges that the Registration Statement's hypothetical risks were in fact 'present realities,' and that 'Lyft's fleet of bikes were already experiencing dangerous defects and were being improperly repaired.' Similarly, as previously noted, the Court cannot resolve the parties' materiality and adequacy disagreements at the pleading stage." *Id.* at 18.

All additional claims were dismissed.

### Proposed Class Representative Rick Keiner

Rick Keiner was appointed Lead Plaintiff by this Court on March 4, 2020. ECF No. 64 (the "Lead Plaintiff Order"). Keiner purchased Lyft shares beginning on March 29, 2019 and continued to purchase shares through May 17, 2019. ECF No. 9-2 at 8-13. All his shares are directly traceable to the IPO Registration Statement. He has been and will continue to be actively involved in this litigation and is in contact with his attorneys at B&L concerning and overseeing the litigation efforts. He is a typical and adequate representative.

## II.      The Proposed Class Satisfies Rule 23

The Supreme Court has repeatedly stressed the importance of the class action device in redressing wrongs committed under the federal securities laws. *Basic Inc. v. Levinson*, 485 U.S. 224, 229-30, 249-50 (1988); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 380 n.10 (1983); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 196 (1976). Accordingly, "'the law in the Ninth Circuit is very well established that the requirements of Rule 23 should be liberally construed in favor of class action cases brought under the federal securities laws.'" *In re THQ, Inc. Sec. Litig.*, No. CV 00-1783 AHM (Ex), 2002 WL 1832145, at *2 (C.D. Cal. Mar. 22, 2002) (citation omitted); *see also In re Scorpion Techs., Inc. Sec. Litig.*, No. C 93 20333 RPA, 1994 WL 774029, at *3 (N.D. Cal. Aug. 10, 1994) ("the Ninth Circuit favors a liberal use of class actions to enforce federal securities laws").

"[P]utative class actions brought under the Securities Act of 1933 (the 'Securities Act'), like this one, are especially amenable to class treatment[.]" *In re Smart Techs., Inc. S'holder Litig.*, 295 F.R.D. 50, 52 (S.D.N.Y. 2013) (internal quotations omitted). Indeed, "investors seeking damages for violations of federal securities [laws] are often considered the prototypical class action plaintiffs." *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17, 22 (D. Mass. 2008).

"Courts have repeatedly held that cases like this one, which proceed . . . under Section 11 of the 1933 Act, are particularly well-suited to class treatment[.] This is so because Section 11 claims require only a material misstatement or omission in a Registration Statement to prove liability." *In re Bank One Sec. Litig./First Chicago S'holder Claims*, 00 CV 0767, 2002 WL 989454, at *4 (N.D. Ill. May 14, 2002) (collecting cases) (internal citations omitted); *see also Blackie v. Barrack*, 524 F.2d 891, 903 (9th Cir. 1975) ("The availability of the class action to redress such frauds has been consistently upheld, in large part because of the substantial role that the deterrent effect of class actions plays in accomplishing the objectives of the securities laws.") (internal citations omitted); *Schulein v. Petroleum Dev. Corp.*, SACV 11-1891 AG ANX, 2014 WL 2179341, at *10 (C.D. Cal. May 19, 2014) ("the Ninth Circuit has found that securities actions, particularly those stemming from a common course of conduct, are particularly suitable to class action treatment."); *In re Tyson Foods, Inc. Sec. Litig.*, CIV.A. 01-425-SLR, 2003 WL 22316548,

at *3 (D. Del. Oct. 6, 2003) (an action under the securities laws "based upon false and misleading statements to the market, is a prototypical class action claim.").

### A.    Rule 23(a) Standards Are Satisfied

Rule 23(a) sets four threshold requirements for class certification: (1) the class must be so numerous that joinder of all members is impractical ("numerosity"); (2) there must be questions of law or fact common to the class ("commonality"); (3) the claims of the representative parties must be typical of the claims of the class ("typicality"); and (4) the representative parties must fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a).

Once a putative class representative has shown that its proposed class meets these four requirements, the court then must determine whether the action can be maintained under one of the three subsections of Rule 23(b). Here, Lead Plaintiff seeks class certification under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 1.    Numerosity

Rule 23(a)(1) permits class certification if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While no specific minimum number of potential class members exists, a 'proposed class of at least forty members presumptively satisfies the numerosity requirement.'" *Hatamian v. Advanced Micro Devices, Inc*., No. 14-cv-00226 YGR, 2016 WL 1042502, at *4 (N.D. Cal. Mar. 16, 2016) (quoting *Nguyen v. Radient Pharm. Corp*., 287 F.R.D. 563, 569 (C.D. Cal. 2012)). As is the case here, "'[t]he Court certainly may infer that, when a corporation has millions of shares trading on a national exchange, more than 40 individuals purchased stock over the course of more than a year.'" *Id*. (quoting *In re Cooper Cos. Sec. Litig*., 254 F.R.D. 628, 634 (C.D. Cal. 2009)); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2016 WL 7406418, at *3 (N.D. Cal. Dec. 22, 2016) (same).

Here, Lyft sold 32.5 million shares of its common stock pursuant to the IPO Registration Statement. In the weeks that followed, Lyft's shares traded several million shares per day on

NASDAQ.[2] This is enough to show numerosity. *THQ*, 2002 WL 1832145, at \*3 ("given the number of shares of THQ traded during the Class Period . . . common sense dictates that the proposed class is surely sufficiently large to make joinder impracticable.") As such, the class is sufficiently numerous making joinder impracticable.

### 2. Commonality

Commonality is a prerequisite to class certification that securities plaintiffs "satisfy very easily." *Brown v. China Integrated Energy, Inc.*, No. CV 11-02559 BRO (PLAx), 2015 WL 12720322, at \*14 (C.D. Cal. Feb. 17, 2015). Allegations such as those here, "that investors were defrauded by the same misleading registration statement over the same period of time, and suffered similar losses as a result are sufficient to fulfill FRCP 23(a)'s commonality requirement." *In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017). Not all questions of fact and law need be common to satisfy Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Instead, because commonality is "construed permissively," the "existence of shared legal issues with divergent factual predicates is sufficient." *Id.*

In this case, Lead Plaintiff alleges common questions, which include whether Defendants violated the Securities Act of 1933, whether the IPO Registration Statement contained untrue statements of material facts, and whether the IPO Registration Statement omitted to disclose material facts required to be stated therein. "These questions are sufficient to satisfy the commonality requirement." *In re Snap Inc. Sec. Litig.*, 334 F.R.D. 209, 226 (C.D. Cal. 2019).

### 3. Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Cooper*, 254 F.R.D. at 633. "The purpose of the typicality requirement 'is to assure that the interest of the named representative aligns with the interests of the class.'" *Radient*, 287 F.R.D. at 569-70 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Connecticut*

---

[2] *See* Street Decl. Ex. A (Lyft stock trading prices and volume from March 28, 2019 through August 19, 2019 as downloaded from the *Wall Street Journal*).

*Ret. Plans & Trust Funds v. Amgen, Inc.*, No. CV 07-2536 PSG (PLAx), 2009 WL 2633743, at *5 (C.D. Cal. Aug. 12, 2009) (quoting *Hanon*, 976 F.2d at 508). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Lead Plaintiff's claims here are unquestionably typical of the claims of absent class members. All members of the proposed class:  purchased shares pursuant to or traceable to the IPO Registration Statement; have the exact same legal claims under §§ 11 and 15 of the Securities Act; and have the exact same interest in demonstrating that the IPO Registration Statement contained material misrepresentations and omitted to disclose material facts required to be stated therein. Additionally, "reliance is not an element of a § 11 claim," so Keiner need not demonstrate that he relied on any misstatement or the integrity of Lyft's market price when making his purchases. Lead Plaintiff Order, ECF No. 64 at 10.

### 4.      Adequacy

The adequacy element of Rule 23(a)(4) is intended to ensure that a class representative will "fairly and adequately protect the interests of the class." *Cooper*, 254 F.R.D. at 636; Fed. R. Civ. P. 23(a)(4). Two criteria determine adequacy: "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (citations omitted).

Lead Plaintiff readily satisfies these criteria. Lead Plaintiff has engaged qualified, experienced, and capable attorneys. Proposed Class Counsel, B&L, is highly experienced in securities class action litigation and has demonstrated the ability and willingness to prosecute this action vigorously. *See* Street Decl., Ex. B (B&L firm resume); *see also* Lead Plaintiff Order, ECF No. 64 at 11 ("Block & Leviton LLP has extensive experience as counsel in securities class action.")

Moreover, Lead Plaintiff Keiner's interests are precisely aligned with those of absent Class members. All were impacted by the same IPO Registration Statement misrepresentations and omissions, and all have the same interest in demonstrating the IPO Registration Statement

contained untrue statements of material facts and omitted to disclose material facts required to be stated therein.

Lead Plaintiff and his counsel have already demonstrated their commitment to vigorously prosecuting this action by defeating, in part, Defendants' motion to dismiss and in aggressively and promptly pursuing a motion to certify the class.

Accordingly, Lead Plaintiff "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4).

### B.       Rule 23(b)(3)'s Predominance Requirement is Satisfied

Rule 23(b)(3) requires that "questions of law or fact common to the class 'predominate' over questions affecting the individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy." *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 721 (C.D. Cal. 2002); *see also Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 399-400 (D. Or. 1996). The Supreme Court has explained that where, as here, claims are based upon misrepresentations and omissions in violation of the securities laws, "[p]redominance is a test readily met." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "Class actions are particularly well-suited in the context of securities litigation, wherein geographically dispersed shareholders with relatively small holdings would otherwise have difficulty in challenging wealthy corporate defendants." *In re VeriSign*, *Inc. Sec. Litig.*, No. C 02-02270 JW, 2005 WL 7877645, at *9 (N.D. Cal. Jan. 13, 2005). "Class certification under Rule 23(b)(3) is proper when common questions represent a significant portion of the case and can be resolved for all members of the class in a single adjudication." *In re Diamond Foods, Inc. Sec. Litig.*, 295 F.R.D. 240, 246 (N.D. Cal. 2013) (citing *Hanlon*, 150 F.3d at 1022).

### 1.       Common Questions Predominate

Determining whether common questions predominate over individual questions "begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). As this Court has already found, "[t]o allege a Section 11 claim, a plaintiff must show '(1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would

have misled a reasonable investor about the nature of his or her investment.' Importantly, '[n]o scienter is required for liability under § 11; defendants will be liable for innocent or negligent material misstatements or omissions.'" MTD Order at 5 (internal citations omitted).

The Securities Act claims here are thus ideally suited for class treatment because the answers to the core questions are common to all Class members—*i.e.*, (i) was there a misrepresentation or omission?; and, if so, (ii) was it material? As such, the predominance standard is easily satisfied. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013) ("The alleged misrepresentations and omissions, whether material or immaterial, would be equally so for all investors composing the class.")

### 2.     A Class Action is Superior

Rule 23(b)(3) also requires the Court to determine that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In assessing superiority, Rule 23(b)(3) enumerates four factors that courts should consider: (i) the interests of class members in "individually controlling the prosecution or defense of separate actions"; (ii) "the extent and nature of any litigation concerning the controversy already begun by or against class members"; (iii) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and (iv) the manageability of a class action. Each of these factors supports superiority.

*First*, Lead Plaintiff seeks to represent a Class that includes a large number of geographically dispersed investors whose individual damages are likely small enough to render individual litigation prohibitively expensive. *See, e.g.*, *Lewert v. Boiron, Inc.*, No. 2:11-cv-10803-SVW-SH, 2014 WL 12626335, at *7 (C.D. Cal. Nov. 5, 2014) ("A class action is superior where the cost of litigating on an individual basis would dwarf recovery.").

*Second*, concentrating this litigation in a single forum has numerous benefits, including eliminating the risk of inconsistent adjudication and promoting the fair and efficient use of the judicial system. *See, e.g. Hatamian*, 2016 WL 1042502, at *10.

*Third*, although there is a class action pending in California State Court which also asserts similar claims, Lead Plaintiff is unaware of any other action asserting claims like those asserted

here. Lead Plaintiff submits that this Court is particularly well suited to resolve claims for violations of the Federal Securities laws and should not cede its jurisdiction or stay itself in favor of a state court action. The Ninth Circuit has emphasized that "the *Colorado River* doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (noting that where actions are sufficiently parallel, district court is to employ eight-factor balancing test "mindful that '[a]ny doubt as to whether a factor exists should be resolved against a stay'") (citation omitted). Plus, both cases are in their initial phases, with discovery in both set to commence, making continued proceedings in this case the proper forum.

  *Finally*, there are no unusual manageability issues. *See, e.g.*, *In re Magma Design Automation, Inc. Sec. Litig.*, No. C 05-2394 CRB, 2007 WL 2344992, at *1 (N.D. Cal. Aug. 16, 2007) (class action "'maintainable' in this case because [defendant company] treated . . . all of its shareholders in the same fashion"). Accordingly, Plaintiff has established superiority.

**III. Conclusion**

  For the reasons set forth herein, Lead Plaintiff respectfully requests the Court certify the proposed class, appoint Rick Keiner as the Class Representative, and appoint Block & Leviton LLP as Class Counsel.

September 25, 2020                    **BLOCK & LEVITON LLP**

/s/ Whitney E. Street
Whitney E. Street (SBN 223870)
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 968-1852 phone
whitney@blockleviton.com

Jeffrey C. Block, *pro hac vice*
Jacob A. Walker (SBN 271217)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*Lead Counsel for Lead Plaintiff*
*Rick Keiner and the Class*