LATHAM & WATKINS LLP
  Matthew Rawlinson (SBN 231890)
  140 Scott Drive
  Menlo Park, California 94025
  T: (650) 328-4600 / F: (650) 463-2600
  matthew.rawlinson@lw.com

  Elizabeth Deeley (SBN 230798)
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111
  T: (415) 391-0600 / F: (415) 395-8095
  elizabeth.deeley@lw.com

  Andrew B. Clubok (*pro hac vice*)
  Susan E. Engel (*pro hac vice*)
  555 Eleventh Street, NW, Suite 1000
  Washington, D.C. 20004
  T: (202) 637-2200 / F: (202) 637-2201
  andrew.clubok@lw.com
  susan.engel@lw.com

  Colleen C. Smith (SBN 231216)
  12670 High Bluff Drive
  San Diego, California 92130
  T: (858) 523-5400 / F: (858) 523-5450
  colleen.smith@lw.com

*Attorneys for Defendants Lyft, Inc., Logan Green,*
*John Zimmer, Brian Roberts, Prashant (Sean)*
*Aggarwal, Ben Horowitz, Valerie Jarrett, David*
*Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary*
*Agnes (Maggie) Wilderotter*

*Additional Counsel of Record on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re LYFT INC. SECURITIES LITIGATION, | Master File No. 4:19-cv-02690-HSG |
| | **<u>CLASS ACTION</u>** |
| This Document Relates to: | **STIPULATED AND** |
| ALL ACTIONS | **PROTECTIVE ORDER** |
| | Judge:  Hon. Haywood S. Gilliam, Jr. |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Lead Plaintiff Rick Keiner ( "Plaintiff") and Defendants Lyft, Inc. ("Lyft"), Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter (collectively, the "Lyft Defendants," and together with Plaintiff, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Stipulated Protective Order" or "Order") for designating and protecting confidential or proprietary information and for addressing the inadvertent production of privileged material in the above-captioned action (the "Action").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**[1]

2.1 <u>Action</u>: *In re Lyft Securities Litigation*, 4:19-cv-02690-HSG (N.D. Cal.) [2]

2.2 <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>:  Any Discovery Material that the Producing Party believes in good faith contains confidential information including but not limited

---

[1] Definitions are listed in alphabetical order, with the exception of the CONFIDENTIAL and HIGHLY CONFIDENTIAL designations.

[2] Pursuant to the Court's Order dated July 25, 2019, the Court administratively related and consolidated this Action with *Malig v. Lyft, Inc.*, 4:19-cv-02690-HSG, and *Lewis v. Lyft, Inc.*, 4:19-cv-03003-HSG. ECF No. 47.

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

to trade secrets, proprietary business information, or other confidential research, design, development, financial or commercial information, personal financial information about any party to this lawsuit, putative class members or employees of any party to this lawsuit, information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transactions or financial accounts, and any information regarding any party not otherwise available to the public, subject to protection under Fed. R. Civ. P. 26(c), or under California's constitution, the United State constitution, and the common law right to privacy..

2.4    "HIGHLY CONFIDENTIAL" Information or Items:  Any Discovery material that a Producing Party believes in good faith to contain information involving highly sensitive information, including but not limited to information involving transactional sales data; trade secrets; sensitive and non-public research or analysis; customer information, including but not limited to non-public customer complaints; financial, marketing, or strategic business planning information; pricing information; non-public information related to government or regulatory investigations; information related to government relations strategy; information relating to research, development, testing of, or plans for existing or proposed future products; Board of Directors information and materials, or information relating to corporate governance or executive committee selection; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; personnel files; and communications that constitute, incorporate, summarize, or reference any HIGHLY CONFIDENTIAL information.

2.5    Counsel:  (1) for Plaintiff, attorneys who have been retained to represent or advise a Party to this Action and who have been appointed Co-Lead Counsel in this consolidated Action on behalf of Plaintiff and the putative class or are affiliated with a law firm that has been appointed Co-Lead Counsel in this consolidated Action, including Support Staff; (2) for Defendants, attorneys who have been retained to represent or advise a Party to this Action and who have

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or have otherwise advised a Party to this Action in connection with the Action, including Support Staff; (3) attorneys who are employees of a Party to this Action; and/or (4) attorneys representing an insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal personnel.

2.6     Designating Party:  A Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action by Parties and Non-Parties.

2.8     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee of a Party or of a Party's competitor; (3) has not been employed by a Party's competitor for the past five years; and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

2.9     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.10    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support personnel).  For the avoidance of doubt, no putative class member other than a named plaintiff in the above-captioned litigation constitutes a Party to this Action, and no putative class member other than a named plaintiff may be given access to Protected Material.

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

2.11 <u>Privileged Documents</u>:  Disclosure or Discovery Material subject to a claim of attorney-client privilege, attorney work product, or any other privilege or immunity from production.

2.12 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>:  Any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15 <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 <u>Support Staff</u>:  Legal affiliates, including but not limited to paralegals, investigative, technical, secretarial, clerical, accountants, assistants, vendors, and other personnel who are engaged in assisting Counsel.

3. **<u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

information lawfully and under no obligation of confidentiality to the Designating Party.  However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be in the public domain.  For example, unsubstantiated media speculation or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information.  Such information is explicitly included in the definition of "Protected Material" (as defined above).  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect unless a Producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate or routinized designations are prohibited, although the designation of substantially all of a Party's production of documents as Protected Material, if otherwise appropriate under this Protective Order, will not render such designation improper.  The Parties do not wish to create undue complications with respect to the filing of documents with the Court, interfere with preparation for trial or any alternative dispute resolution, and otherwise unduly raise

1   the costs of litigation.  The Parties agree to exercise good faith in responding to requests from a

2   Requesting Party to de-designate material as "CONFIDENTIAL" or "HIGHLY

3   CONFIDENTIAL," in accordance with Section 6, below.  To the extent that any documents

4   designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are known or determined to be

5   publicly available in identical form—including press releases, SEC filings, newspaper articles,

6   internet postings and other media—the Parties agree to promptly de-designate any such material

7   upon its identification as such.  In addition, the Parties shall meet and confer in advance of any

8   request to file documents under seal with this Court.

9           5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

10  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

11  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

12  designated before the material is disclosed or produced.

13          Designation in conformity with this Order requires:

14          (a)  For information in documentary form (e.g., paper or electronic documents, but

15  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

16  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains

17  Protected Material. If only a portion or portions of the material on a page qualifies for protection, the

18  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

19  markings in the margins).

20  A Party or Non-Party that makes original documents or materials available for inspection need not

21  designate them for protection until after the inspecting Party has indicated which material it would

22  like copied and produced. During the inspection and before the designation, all of the material made

23  available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party

24  has identified the documents it wants copied and produced, the Producing Party must determine

25  which documents, or portions thereof, qualify for protection under this Order. Then, before

26  producing the specified documents, the Producing Party must affix the appropriate designation

27  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected

28

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, the Designating Party may within twenty-one (21) days after receipt of a final transcript to identify the specific portions of testimony as to which protection is sought to and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") by notifying the court reporter and all Parties, in writing.  Only those portions of the testimony that are appropriately designated for protection within twenty-one (21) days after receipt of a final transcript shall be covered by the provision of this Stipulated Protective Order.  A Designating Party may specify, at the deposition or up to twenty-one (21) days after receipt of a final transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c) Further, for testimony given in deposition or in other pretrial or trial proceedings, transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(d)  For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the

Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and generally describing the basis for the challenges. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  The Court recommends that the Parties obtain a court reporter for the hearing on this motion.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including through mediation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  Counsel for the Receiving Party, as well as employees of said Counsel, including Support Staff, to whom it is reasonably necessary to disclose the information for this litigation;

(b)  The Parties, officers, directors, and employees of the Receiving Party but only to the extent Counsel determines in good faith that the Party, officer, director, or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(c)  Counsel representing insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  The Court and its personnel, and any appellate court having jurisdiction over the Action and their personnel;

(f)  Court reporters and their staff;

(g)  Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary.

(i)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(j)  Mediators or arbitrators, and their support personnel, engaged by the Parties for

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

1  settlement purposes in this Action.

2      (k)  Other persons only by written consent of the Designating Party or upon order of the

3  Court and on such conditions as may be agreed to or ordered.

4      7.3  Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Except by further

5  order by this Court, or by express written consent of Counsel, information and things designated

6  "HIGHLY CONFIDENTIAL" in this Action by any Party or Non-Party may only be disclosed in

7  accordance with the terms of this Order to the persons identified in Paragraph 7.2(a), (c)-(j).

8  **8.**      **PROSECUTION BAR**

9      Absent written consent from the Producing Party, any individual bound by this agreement

10  who receives access to "HIGHLY CONFIDENTIAL" information shall not be involved in the

11  prosecution of patents or patent applications relating to the subject matter of "HIGHLY

12  CONFIDENTIAL" information to which access is received, before any foreign or domestic

13  agency, including the United States Patent and Trademark Office ("the Patent Office").  For

14  purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending,

15  advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes,

16  for example, original prosecution, reissue, and reexamination and other post-grant proceedings.

17  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party

18  challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

19  protest, ex parte reexamination, inter partes reexamination, post grant review, covered business

20  method patent review, or inter partes review).  This Prosecution Bar shall begin when access to

21  "HIGHLY CONFIDENTIAL" information is first received by the affected individual and shall

22  end two (2) years after final termination of this action.

23  **9.**      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**

24        **LITIGATION**

25      If a Party is served with a subpoena or a court order issued in other litigation that compels

26  disclosure of any information or items designated in this action as "CONFIDENTIAL," or

27  "HIGHLY CONFIDENTIAL" that Party must:

28

STIPULATED AND
PROTECTED ORDER
Master File No. 4:19-cv-02690-HSG

1    (a)  Promptly notify in writing the Designating Party. Such notification shall include a

2    copy of the subpoena or court order; and

3    (b)  Promptly notify in writing the party who caused the subpoena or order to issue in the

4    other litigation that some or all of the material covered by the subpoena or order is subject to this

5    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

6    (c)  Cooperate with respect to all reasonable procedures sought to be pursued by the

7    Designating Party whose Protected Material may be affected.

8    If the Designating Party timely seeks a protective order, the Party served with the subpoena

9    or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

10    "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order

11    issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

12    shall bear the burden and expense of seeking protection in that court of its confidential material.

13    Notwithstanding the foregoing, nothing in this section shall be construed as requiring any Party to

14    subject itself to any penalties for non-compliance with any court order, administrative agency, or

15    legislative body.

16    **10.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

17    **THIS LITIGATION**

18    (a)  The terms of this Order are applicable to information produced by a Non-Party in this

19    action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information

20    produced by Non-Parties in connection with this litigation is protected by the remedies and relief

21    provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party

22    from seeking additional protections.

23    (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

24    Party's confidential information in its possession, and the Party is subject to an agreement with the

25    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

26    (1)  Promptly notify in writing the Requesting Party and the Non-Party that some or

27    all of the information requested is subject to a confidentiality agreement with a Non-Party;

28

12

(2)  Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  Make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

12.1   Inadvertent Production of Privileged Material.   The production or disclosure of documents by a Producing Party shall, to the maximum extent permitted by law, be governed by federal law regarding the inadvertent production of Privileged Material.  The procedure set forth below is intended to provide the Producing Party or any other Party purporting to hold a privilege with an efficient procedure for retrieving or "clawing back" inadvertently produced Privileged

Material, subject to any resolution of any dispute over the privileged or protected status of the material, and for foreclosing any arguments of waiver.

(a)      If a Producing Party or any other Party purporting to hold a privilege has a good faith belief that Privileged Material has inadvertently been produced and promptly upon discovery of the inadvertent production notifies all Parties in writing that Privileged Material was disclosed, then, consistent with federal law, the inadvertent production of Privileged Material shall not be deemed a waiver.  If a Receiving Party discovers the inadvertent production of Privileged Material by a Producing Party, then, consistent with federal law, it shall have a duty to promptly upon discovery of the inadvertent production give the Producing Party written notice of the inadvertent production of Privileged Material.  The obligations of the Parties are those set forth in the Federal Rules of Civil Procedure 26(b)(5)(B) .

(b)      Upon receipt of notice of inadvertent disclosure of Privileged Material, all other Parties (regardless of whether they agree with the claim of privilege or other protection) shall promptly (i) use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in their possession, custody, or control and notify the Producing Party, or any other Party purporting to hold a privilege, that they have done so; and (ii) take reasonable steps to retrieve and destroy or sequester the inadvertently produced Privileged Material from other persons, if any, to whom such Privileged Material has been provided, and notify the Producing Party that they have done so.

(c)      To the extent a Receiving Party disputes the claim of privilege or other protection with respect to the inadvertently disclosed Privilege Material, such Party shall notify in writing the Producing Party, or any other Party purporting to hold a privilege, with a copy to all Counsel, or its position within thirty (30) business days of receiving the notice of inadvertent disclosure and shall return or destroy all documents identified by the Producing Party within thirty (30) business days of receipt of notice that the documents were inadvertently produced, but may retain one copy of any such document solely for the purpose of meeting and conferring with the Producing Party over the claim of privilege, which shall remain segregated and protected against further disclosure

and use during the pendency of any dispute over its status.  Within seven (7) business days of

receiving the notice of dispute from the Receiving Party, the Producing Party, or any other Party

purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the

Receiving Party in an effort to resolve their disagreement.  If no such resolution is reached within

sixty (60) business days, the Receiving Party may apply to the Court for a ruling on the claim of

privilege in accordance with Civil Local Rule 79-5 regarding sealed records and procedures for

filing records under seal, for a determination of the claim, or may return or destroy the documents

and make no further use of the information in the documents. In arguing issues concerning

protection for material claimed to constitute Privileged Material, no Party may assert as a basis for

the relief it seeks (including if a Receiving Party seeks a ruling that the disclosed information was

never privileged) the fact or circumstances that such documents already have been inadvertently

produced in the Action or a related action.

(d)      If, during a deposition, a Party claims that a document being used in the deposition

is Privileged Material, it may at its sole discretion (i) allow the document to be used in the

deposition without waiver of its claim of privilege or work-product protection or (ii) instruct the

witness not to answer questions concerning the document pending a prompt resolution of any

disagreement concerning the document's privileged or other protected status.  If a Party claiming

privilege allows the examination concerning the document to proceed on a non-waiver basis, the

parties shall sequester all copies of the purportedly-privileged document and any testimony

relating thereto.  Immediately following the deposition, the parties will commence the procedure

outlined in the preceding subparagraphs to address the claim of privilege or other protection. Until

the dispute is resolved, counsel for the parties shall treat the transcript of such deposition as

HIGHLY CONFIDENTIAL and, further, shall not distribute such transcript or disclose the

purportedly-privileged document or testimony to any person, except as is necessary to commence

the procedure outlined in the preceding subparagraphs.  If the Party instructs the witness not to

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG

1   answer questions concerning the document, the Parties will then cooperate in promptly submitting

2   the issue of the document's status to the Court.

3          Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right

4   of privacy, immunity from production or proprietary interest with respect to any document or

5   information.

6          12.2  Inadvertent Production of Protected Material.  If any Producing Party inadvertently

7   produces or discloses materials labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

8   without marking it with an appropriate designation, the Producing Party or a Designating Party shall

9   promptly notify the Receiving Party that the information should be treated in accordance with the

10   terms of the Protective Order, and shall forward appropriately-stamped copies of the items in

11   question.  Within five (5) days of the receipt of substitute copies, the Receiving Party shall return or

12   destroy the previously unmarked items and all copies thereof.  The inadvertent disclosure shall not

13   be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after

14   the discovery of the inadvertent production or disclosure.

15   **13.    MISCELLANEOUS**

16          13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

17   its modification by the court in the future.

18          13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

19   no Party waives any right it otherwise would have to object to disclosing or producing any

20   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

21   Party waives any right to object on any ground to use in evidence of any of the material covered by

22   this Protective Order.

23          13.3    Filing Protected Material. Without written permission from the Designating Party or a

24   court order secured after appropriate notice to all interested persons, a Party may not file in the

25   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

26   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

27   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

28                                                16                      STIPULATED AND
                                                                         PROTECTIVE ORDER
                                                                  Master File No. 4:19-cv-02690-HSG

to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

(a)      A Disclosing Party that wishes to file its own material that it designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL without sealing it may do so with no further notice to the other Parties or order of the Court.  A Disclosing Party that wishes to file its own material that it designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under seal must comply with the procedures set forth in Civil Local Rule 79-5.

(b)      Notwithstanding any other provisions of this Paragraph 13.3, except to the extent otherwise required by Court order or law, the Parties must redact Social Security Numbers, tax information, financial account numbers, driver's license numbers, and any other information as required by the Federal Rules of Civil Procedure 5.2, from all documents filed with the Court.  In the case of "personal records" of any "consumer" containing "information which would in any way identify [that] consumer" within the meaning of California Code of Civil Procedure § 1985.3, no Party shall be prevented from seeking to redact such information and in its place affix a unique, randomly assigned identification number to identify all documents related to a particular consumer for purposes of admission and use at trial in an unsealed courtroom.

(c)      The designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not constitute evidence as to whether such material may properly be filed under seal.  A party's failure to contest a Disclosing Party's designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL before the filing of a motion to seal shall not be deemed an admission by such party that such documents or material should be filed under seal.

(d)      Nothing in this Order shall be construed to waive a party's right to argue that CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is filed under seal is fully

admissible and otherwise available for use at trial in an unsealed courtroom, either with or without redactions.

        (e)      While a motion to seal is pending and before the Court has ruled, no party shall make use in open court of any Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

## 14.    **FINAL DISPOSITION**

        Within sixty (60) days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order for the duration as set forth in Section 4.

**IT IS SO STIPULATED.**


Date:  January 5, 2021

**LATHAM & WATKINS LLP**                          **BLOCK & LEVITON LLP**
                                             /s/ Whitney Street
/s/ Colleen C. Smith                        Whitney E. Street (CA Bar No. 223870)
Colleen C. Smith (SBN 231216)             100 Pine Street, Suite 1250
                                          San Francisco, CA 94111

18

1

12670 High Bluff Drive
San Diego, California 92130
2   Telephone: (858) 523-5400
Facsimile: (858) 523-5450
3   colleen.smith@lw.com

4   Matthew Rawlinson (SBN 231890)
140 Scott Drive
5   Menlo Park, California 94025
Telephone: (650) 328-4600
6   Facsimile: (650) 463-2600
matthew.rawlinson@lw.com
7

8   Andrew B. Clubok (*admitted pro hac vice*)
Susan E. Engel (*admitted pro hac vice*)
9   555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
10   Telephone: (202) 637-3323
Facsimile: (202) 637-2201
11   andrew.clubok@lw.com
susan.engel@lw.com
12

13   Elizabeth Deeley (SBN 230798)
505 Montgomery Street, Suite 2000
14   San Francisco, California 94111
Telephone: (415) 391-0600
15   Facsimile: (415) 395-8095
elizabeth.deeley@lw.com
16

17   *Attorneys for Defendants Lyft, Inc., Logan
Green, John Zimmer, Brian Roberts,
18   Prashant (Sean) Aggarwal, Ben Horowitz,
Valerie Jarrett, David Lawee, Hiroshi
19   Mikitani, Ann Miura-Ko, and Mary Agnes
(Maggie) Wilderotter*
20

21

22

23

24

25

26

27

28

Tel. (415) 968-1852
Fax. (617) 507-6020
wstreet@blockleviton.com

Jeffrey C. Block (*admitted pro hac vice*)
Jacob A. Walker (CA Bar No. 271217)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com

*Counsel for Plaintiff*

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTESTATION</u>

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all of the signatories above.

Dated:  January 5, 2021                              /s/ Colleen C. Smith

Colleen C. Smith

\* \* \* \* \*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 1/6/2021

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

20

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California on _____ [date] in the case of *In re Lyft Inc.*

*Securities Litigation*, No. 4:19-cv-02690-HSG.  I will maintain all such Protected Material, including

copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized

access to it.  No later than thirty (30) days after the conclusion of this action, I will return the

Protected Material, including copies, notes, or other transcriptions made therefrom, to the counsel

who provided me with the confidential information,  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED AND
PROTECTIVE ORDER
Master File No. 4:19-cv-02690-HSG