1
2
3
4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    MATIAS MALIG, AS TRUSTEE FOR            Case No.  19-cv-02690-HSG
     THE MALIG FAMILY TRUST,
8                                            **ORDER DENYING ADMINISTRATIVE**
                    Plaintiff,               **MOTIONS TO SEAL**
9
           v.                                Re: Dkt. Nos. 116, 126, 134
10
     LYFT, INC., et al.,
11
                    Defendants.
12

13          Pending before the Court are the parties' administrative motions to file documents in

14   connection with Plaintiff's motion for class certification under seal.  Dkt. Nos. 116, 126, 134.  For

15   the reasons set forth below, the Court **DENIES** the motions.

16   **I.      LEGAL STANDARD**

17          Courts generally apply a "compelling reasons" standard when considering motions to seal

18   documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

19   *v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the

20   common law right 'to inspect and copy public records and documents, including judicial records

21   and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of

22   access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this

23   strong presumption, the party seeking to seal a judicial record attached to a dispositive motion

24   must "articulate compelling reasons supported by specific factual findings that outweigh the

25   general history of access and the public policies favoring disclosure, such as the public interest in

26   understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations

27   omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in

28   disclosure and justify sealing court records exist when such 'court files might have become a

United States District Court
Northern District of California

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . .  The request must be narrowly tailored to seek sealing only of sealable material . . . ."  Civil L.R. 79-5(b).  Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard.  *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action."  *Kamakana*, 447 F.3d at 1179–80 (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.   DISCUSSION

Because the motion for class certification is more than tangentially related to the underlying action, the Court applies the "compelling reasons" standard in evaluating the motions to seal.  Defendants seek to seal the entirety of three exhibits to the Declaration of Meryn C.N.

2

United States District Court
Northern District of California

1    Grant, Dkt. No. 118, associated portions of their opposition, and a portion of the Grant

2    Declaration.  Dkt. No. 116.  Defendants also seek to seal the entirety of Exhibit 24 to the

3    Supplemental Grant Declaration.  Dkt. No. 134.  The Court denies Defendants' motions because

4    Defendants have failed to provide a sufficient justification or narrowly tailor their requests.

5         Defendants seek to seal Exhibit 19, Plaintiff's deposition transcript, because it was

6    designated as "Confidential" by Plaintiff.  But a designation of confidentiality is not sufficient to

7    establish that a document is sealable.  *See* Civ. L. R. 79-5(d)(1)(A).  "Confidential" is merely the

8    parties' initial designation of confidentiality to establish coverage under the stipulated protective

9    order.  *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL

10   5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by

11   showing that the document is subject to a protective order or by stating in general terms that the

12   material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147,

13   2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)).  Plaintiff filed no supporting declaration, and

14   later stated in his motion to seal that he does not seek to seal his deposition transcript.  Dkt. No.

15   126 at 2 n.3.  The Court thus **DENIES** Defendants' request to seal Exhibit 1 and portions of the

16   opposition referencing the deposition.

17        Defendants also seek to seal Exhibit 3, Lyft's roadshow document, on the bases that it was

18   designated as highly confidential and that Lyft's competitors "could use the information to Lyft's

19   detriment."  Dkt. No. 116 at 2.  The Court finds Defendants' overly generalized justification

20   insufficient.  In filing motions to seal, the burden is on the parties to justify, in detail, each

21   proposed fact that they want to seal.  Civil Local Rule 79-5(b) requires that the "request must be

22   narrowly tailored to seek sealing only of sealable material."  Similarly, Defendants' requests to

23   seal the entirety of Exhibit 1 and Exhibit 24, compilations of investor declarations, are

24   unjustifiably overbroad.  Defendants contend that these exhibits contain "confidential trading

25   practices and research techniques [that] could [] be used by other to the investors' competitive

26   disadvantage."  Dkt. Nos. 116, 134.  But the Court disagrees, as these declarations largely contain

27   high-level statements describing the investors' knowledge about the purportedly omitted

28   information.  The Court thus **DENIES** Defendants' request to seal Exhibits 3, 19, 24, and

associated portions of the opposition.[1]

Plaintiff moves to seal three exhibits to the Declaration of Jeffrey C. Block, Dkt. No. 129, portions of the Block Declaration, and portions of his reply.  Dkt. No. 126.[2]  Specifically, Plaintiff seeks to seal Exhibits 5-8 to the Block Declaration because Defendants designated those documents as confidential.  *Id.* at 4-5.  But Defendants' counsel filed a supporting declaration indicating that Defendants do not seek confidential treatment of those exhibits.  Dkt. No. 130 at 1, 3.  Accordingly, the Court **DENIES** Plaintiff's request to seal Exhibits 5-8 and related references in the reply and Block Declaration.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

---

[1] As relevant to Exhibit 3, Defendants also seek to seal a portion of the Grant Declaration.  Dkt. No. 116.  Because Defendants did not adequately address why sealing the title of Exhibit 3 is warranted, the Court **DENIES** denies that request.

[2] Plaintiff requested to seal portions of its reply that reference Exhibits 1 and 3 to the Grant Declaration in the event the Court granted Defendants' request to seal those documents.  Dkt. No. 126 at 2.  Given the Court's ruling, the Court **DENIES** Plaintiff's request.

United States District Court
Northern District of California

United States District Court
Northern District of California

## III.   CONCLUSION

The Court **DENIES** the parties' administrative motions to file under seal, and **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days of this order.  The parties may also file a new motion to seal that comports with the requirements discussed above within seven days of this order.  Additionally, any proposed order or responsive declaration must include in the table for each item sought to be sealed:  (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority.  The reasons provided must be specific and tailored to the portion(s) of the document sought to be sealed.

**IT IS SO ORDERED.**

Dated:  8/20/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge