1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    MATIAS MALIG, AS TRUSTEE FOR            Case No.  19-cv-02690-HSG
     THE MALIG FAMILY TRUST,
8                                            **ORDER DENYING MOTION FOR
                    Plaintiff,               JUDGMENT ON THE PLEADINGS
9                                            AND DENYING ADMINISTRATIVE
             v.                              MOTIONS TO SEAL**
10
     LYFT, INC., et al.,                     Re: Dkt. No. 152, 169, 172
11
                    Defendants.
12

13          Pending before the Court is Defendants' motion for judgment on the pleadings.  *See* Dkt.

14   No. 152 ("Mot."); Dkt. No. 159 ("Opp."); Dkt. No. 170 ("Reply").[1]  Also pending are the parties'

15   associated administrative motions to file under seal.  Dkt. Nos. 169, 172.  The Court **DENIES** the

16   motion for judgment on the pleadings and **DENIES** the motions to seal.

17   **I.      BACKGROUND**

18          On April 16, 2021, Plaintiff Rick Keiner filed the operative consolidated complaint against

19   Defendant Lyft Inc. ("Lyft"), Logan Green, Co-Founder, Chief Executive Officer, and Director on

20   Lyft's board of directors (the "Board"), John Zimmer, Co-Founder, President and Vice Chairman

21   of the Board, Brian Roberts, Chief Financial Officer, Prashant (Sean) Aggarwal, Chairman of the

22   Board, Board Members Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann

23   Miura-Ko, and Mary Agnes (Maggie) Wilderotter ("Individual Defendants," and collectively with

24   Lyft, "Defendants").[2]  *See* Dkt. No. 74 ("CCAC").

25

26   _____

     [1] The Court finds this matter appropriate for disposition without oral argument and the matter is
27   deemed submitted.  *See* Civil L.R. 7-1(b).
     [2] On October 14, 2020, the parties stipulated to the voluntary dismissal of Former Board Member
28   Jonathan Christodoro, "who resigned from the Board prior to signing Lyft's registration
     statement."  Dkt. No. 103.

United States District Court
Northern District of California

1    Lyft is a rideshare company that "sought to revolutionize transportation by launching its

2    peer-to-peer marketplace for on-demand ridesharing."  CCAC at ¶ 4.  Lyft registered its issuance

3    of common stock "under the Securities Act of 1933, as amended, pursuant to Lyft's registration

4    statement on Form S-1 (File No. 333-229996) declared effective on March 28, 2019."  *Id.* at ¶ 3.

5    Lyft offered 32.5 million shares to the public through an initial public offering ("IPO") at a price

6    of $72.00 per share, generating total proceeds of $2.34 billion.  *Id.* at ¶ 5.  According to Plaintiff,

7    Lyft made representations in the IPO Registration Statement and Prospectus filed in connection

8    with the IPO that "were materially misleading, omitted information necessary in order to make the

9    statements not misleading, and omitted material facts required to be stated therein."  *Id.* ¶ 6.

10   On May 14, 2020, Defendants moved to dismiss Plaintiff's consolidated amended class

11   action complaint.  Dkt. No. 78.  On September 8, 2020, the Court granted in part and denied in

12   part Defendants' motion.  Dkt. No. 96.  Following the hearing on Plaintiff's motion for class

13   certification, Defendants moved for judgment on the pleadings as to a subset of Plaintiff's sexual

14   assault allegations.  Dkt. No. 152.

15   **II.     REQUESTS FOR JUDICIAL NOTICE**

16   **A.     Legal Standard**

17   In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice rule and

18   incorporation by reference doctrine.  *See* 899 F.3d 988 (9th Cir. 2018).  Under Federal Rule of

19   Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because

20   it … can be accurately and readily determined from sources whose accuracy cannot reasonably be

21   questioned."  Fed. R. Evid. 201(b)(2).  Accordingly, a court may take "judicial notice of matters of

22   public record," but "cannot take judicial notice of disputed facts contained in such public records."

23   *Khoja*, 899 F.3d at 999 (citation and quotations omitted).  The Ninth Circuit has clarified that if a

24   court takes judicial notice of a document, it must specify what facts it judicially noticed from the

25   document.  *Id.* at 999.  Further, "[j]ust because the document itself is susceptible to judicial notice

26   does not mean that every assertion of fact within that document is judicially noticeable for its

27   truth."  *Id.*  As an example, the Ninth Circuit held that for a transcript of a conference call, the

28   court may take judicial notice of the fact that there was a conference call on the specified date, but

United States District Court
Northern District of California

may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id*. at 999–1000.

Separately, the incorporation by reference doctrine is a judicially-created doctrine that allows a court to consider certain documents as though they were part of the complaint itself. *Id*. at 1002. This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims. *Id.* Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Khoja*, 899 F.3d at 1002. However, "the mere mention of the existence of a document is insufficient to incorporate the contents" of a document. *Id.* at 1002. And while a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss … it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

### B.   Analysis

Defendants request that the Court take judicial notice of or consider incorporated by reference the following three documents:

- Lyft's Form S-1 Registration Statement (Ex. 1);
- an April 9, 2019 *San Francisco Chronicle* news article titled "Uber, Lyft safety in spotlight after student's slaying" (Ex. 2); and
- a January 5, 2017 *Business Insider* article titled "Lyft tripled its rides in 2016" (Ex. 3).

Dkt. No. 153 ("RJN"); Dkt. No. 152-1 ("Smith Decl."), Exs. 1–3. Plaintiff generally argues that Defendants' requests are improper, but raises a specific objection only as to Exhibit 3. Opp. at 6.

The Court previously found Exhibit 1 incorporated by reference because it formed the basis of Plaintiff's claim. For the same reason, the Court **GRANTS** the motion as to Exhibit 1 and will again consider Lyft's Form S-1 Registration Statement for the purpose of determining what was disclosed to the market. Defendants argue that Plaintiff's complaint also relies on Exhibit 2 because "Plaintiff's losses under that claim allegedly resulted from the public's reaction to" the

United States District Court
Northern District of California

*San Francisco Chronicle* news article.  RJN at 2–3.  The Court agrees.  Because "the plaintiff refers extensively to the document [and] the document forms the basis of the plaintiff's claim," the Court **GRANTS** the motion as to Exhibit 2, finding this document incorporated by reference. *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).  As to Exhibit 3, the Court agrees with Plaintiff that Defendants offer it for the truth of its contents. Defendants argue that the *Business Insider* article is "relevant to the amount of sexual assaults that occurred on the platform as compared to overall rides."  RJN at 4.  The Court thus **DENIES** the motion as to Exhibit 3.

Defendants' briefing otherwise discusses matters outside of the pleadings, such as Plaintiff's discovery responses.  *See* Mot. at 7 & n.1.  Defendants contend that they attach such documents "for the purpose of giving the Court sufficient context to understand why Defendants are raising this issue at this juncture."  *See id.*  In opposing the motion, Plaintiff also references evidence obtained through discovery, as well as emails between counsel.  *See*, *e.g.*, Opp. at 16, 19 n.14.  Notwithstanding these tactics, the parties appear to understand that the Court is limited to the pleadings and matters properly incorporated by reference or subject to judicial notice.  The parties' extensive references to extraneous matters underscore the essential purposelessness of another pleadings motion seven months after the Court ruled that Plaintiffs' surviving claims implicate disputed factual issues.

## III.    ADMINISTRATIVE MOTIONS TO SEAL

### A.    Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' "  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the

4

1    general history of access and the public policies favoring disclosure, such as the public interest in

2    understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations

3    omitted).

4          Records attached to nondispositive motions must meet the lower "good cause" standard

5    of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

6    tangentially related, to the underlying cause of action."  *Id.* at 1179–80 (quotation omitted).  This

7    requires a "particularized showing" that "specific prejudice or harm will result" if the information

8    is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

9    Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific

10   examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

11   F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

12         **B.     Analysis**

13         Because the motion for judgment on the pleadings is more than tangentially related to the

14   underlying action, the Court applies the "compelling reasons" standard in evaluating the motions

15   to seal.  Plaintiff moves to seal the portions of opposition and Declaration of Jeffrey C. Block

16   Declaration, Dkt. No. 159-1, that reference the parties' joint letter brief and a related exhibit filed

17   at docket number 157.  Dkt. No. 172.  Defendants also seek to seal portions of their reply

18   referencing the joint letter brief.  Dkt. No. 169.

19         Defendants' justifications in its supporting declaration and in its own motion largely

20   overlap.  Defendants note that the Court previously sealed the joint letter brief and Exhibit E to the

21   joint letter brief.  Dkt. No. 164 ("Smith Decl.") ¶ 7; Dkt. No. 169 at 2.  That the Court granted the

22   motion to seal the underlying documents in the context of a discovery dispute is not dispositive

23   here.  The Court is also unpersuaded by Defendants' argument that granting the request "would

24   permit the Lyft Defendants to maintain the confidentiality of the information that Lyft Defendants

25   have designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL."  *See* Smith Decl. ¶ 5.  A

26   designation of confidentiality is not sufficient to establish that a document is sealable.  *See* Civ. L.

27   R. 79-5(d)(1)(A).

28         Defendants also contend that the references at issue describe commercially sensitive and

United States District Court
Northern District of California

United States District Court
Northern District of California

proprietary information and that disclosure would cause competitive harm to Lyft.  Smith Decl. ¶ 6; Dkt. No. 169 at 2.  Specifically, they note that disclosure of the requested material, which details statistical information regarding alleged sexual assaults reported by Lyft users during the relevant time period, "may unnecessarily alarm Lyft users by implying that their reports and sensitive personal information may be subject to discovery."  *See id.*  Defendants further contend that the disclosure may "chill Lyft's ability to gather important information to improve its service" and could lead users to "choose not to utilize Lyft's platform" if "users do not feel they have the opportunity to confidentially report information."  Dkt. No. 169 at 2.

The Court reiterates that it will not consider the parties' references to the parties' joint letter brief or associated exhibits in its analysis.  But in resolving the motions to seal, the Court finds that neither party has complied with Civil Local Rule 79-5(b), which requires that the "request must be narrowly tailored to seek sealing only of sealable material."  The proposed redactions describe statistical information at a general level without any specific disclosure of Lyft users' reports or personal information.  Even assuming that the specific statistics could be sealable (which the Court does not here decide), the parties' proposed redactions remain overbroad.  Accordingly, the Court **DENIES** the motions to seal.

## IV.    MOTION FOR JUDGMENT ON THE PLEADINGS

### A.    Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 12(c) a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006).  "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quotation omitted).  The Court will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court generally may not consider materials beyond the pleadings

1    without converting the motion for judgment on the pleadings to a motion for summary judgment

2    under Rule 12(d) and Rule 56.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

3    1550 (9th Cir. 1989).  Whether to grant a motion under Rule 12(d) is left to the discretion of the

4    Court.  *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977); *Adobe*

5    *Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015).

6        **B.    Analysis**

7        Defendants contend that they are entitled to judgment on the pleadings on Plaintiff's

8    "sexual assault claim" as it relates to the magnitude and trend of sexual assault allegations.  *See*

9    Mot. at 8.  According to Defendants, Plaintiff's counsel revised Plaintiff's omission theory for the

10   first time "in his class certification papers" and during the hearing on Plaintiff's motion for class

11   certification.  Mot. at 6; Reply at 13.  Plaintiff contends that neither his theory nor the pleadings

12   that the Court has already found adequate have changed.  Opp. at 5.  The Court agrees.

13       Defendants correctly note that Plaintiff alleges that Lyft's registration statement made no

14   reference to sexual assault, but as the complaint indicates, that is not Plaintiff's entire theory.  *See*,

15   *e.g.*, CCAC at ¶ 13 ("Lyft failed to disclose these pervasive sexual assault and safety issues in the

16   Registration Statement."); *id.* at ¶ 131 (alleging Lyft "fail[ed] to reveal that sexual assault

17   allegations against Lyft drivers were increasing and could have a negative effect on its business");

18   *id.* at ¶ 133 ("[T]he fact that Lyft was facing an increasing number of serious assault allegations

19   was a material trend existing at the time of the IPO.").  A review of the parties' briefing on

20   Defendants' motion to dismiss also shows that Plaintiff raises no new theory.  *See*, *e.g.*, Dkt. No.

21   84 at 14 n.29 (citing CCAC at ¶ 131) ("Plaintiff alleges that Lyft failed to disclose its pervasive

22   sexual assault problem in its Registration Statement."); *id.* at 10 (citing CCAC at ¶ 111) (noting

23   the complaint "alleges that much of the omitted information was not publicly available such that

24   the *magnitude* of the problem was concealed") (emphasis in original); *id.* at 11 (citing CCAC at ¶

25   129) ("Plaintiff further alleges facts that give rise to an inference that far more sexual assaults

26   were taking place in the lead up to the IPO . . . .").

27       Contrary to Defendants' characterization, the Court did not merely "note[]" Plaintiff's

28   related allegations about the magnitude and trend of sexual assaults.  *See* Mot. at 5.  In opposing

United States District Court
Northern District of California

the motion to dismiss, Plaintiff addressed the arguments Defendants now raise again.  For example, as to Plaintiff's allegations under Item 303, Defendants argued that Plaintiff had not alleged "an omission of a known adverse trend or uncertainty that was reasonably expected at the time of the IPO to have a material adverse financial impact."  Dkt. No. 78 at 22.  Plaintiff responded that the "pervasive sexual assault problem . . . constituted a 'known trend[] or uncertaint[y]' that Defendants had an affirmative duty to disclose."  Dkt. No. 84 at 18 (alterations in original).  And the Court found the allegations about the alleged increase in sexual assault allegations sufficient under Item 303.  *In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 769 & n.4 (N.D. Cal. 2020) (citing CCAC at ¶¶ 92, 131, 133).  Yet Defendants again argue that Plaintiff "has not established any fact or trend warranting disclosure in Lyft's Registration Statement."  Mot. at 11.

Defendants have presented no basis for the Court to reconsider its prior ruling.  The Court reiterates that the resolution of disputed factual questions regarding materiality is not appropriate at this stage of the litigation.  Accordingly, the Court **DENIES** Defendants' motion for judgment on the pleadings.

//

//

//

//

//

//

//

//

//

//

//

//

//

## V.   CONCLUSION

The Court **DENIES** Defendants' motion for judgment on the pleadings, Dkt. No.152 and **DENIES** the administrative motions to seal, Dkt. Nos. 169, 172.  The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days of this order.  The parties may also file a new motion to seal that comports with the requirements discussed above within seven days of this order.  Additionally, any proposed order or responsive declaration must include in the table for each item sought to be sealed:  (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority.  The reasons provided must be specific and tailored to the portion(s) of the document sought to be sealed.

**IT IS SO ORDERED.**

Dated:  8/20/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge