Jeffrey C. Block, *pro hac vice*
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

Whitney E. Street (SBN 223870)
**BLOCK & LEVITON LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 968-1852 phone
whitney@blockleviton.com

*Attorneys for Lead Plaintiff
Rick Keiner and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re Lyft, Inc. Securities Litigation,<br><br>This document relates to:<br><br>ALL ACTIONS | Lead Case No.: 4:19-cv-02690-HSG<br><br>**Stipulation and Order Regarding Notice to Class** |

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, that, subject to the Court's approval:

1. On August 20, 2021, the Court certified this action as a class action under Rule 23 of the Federal Rules of Civil Procedure (ECF No. 177).

2. The Class consists of:

> All persons and entities who purchased or otherwise acquired the common stock of Lyft issued and traceable to the IPO Registration Statement. Excluded from the Class are defendants and their families, the officers, directors and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heir, successors or assigns, any entity in which defendants have or had a controlling interest and any entity that underwrote the Lyft IPO including any officer, director or affiliate of any Lyft IPO underwriter.

3. The terms and form of the proposed Notice of Pendency of Class Action (the "Notice"), attached hereto as Exhibit A, are approved.

4. The proposed procedures for giving notice to the Class as set forth in this Stipulation and [Proposed] Order comply with the requirements of due process and with Rule 23 of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

5. The firm of A.B. Data, Ltd. ("Notice Administrator") is appointed and authorized to supervise and administer the notice procedure.

6. No later than ten business days after the Court's approval and entry of this Stipulation and Order, Defendant Lyft Inc. ("Lyft") shall produce, or cause its securities transfer agent to produce, to the Notice Administrator (at no cost to Lead Plaintiff, Class Counsel, or the Notice Administrator) a list, in electronic form, of the names and addresses of all persons who purchased or otherwise acquired Lyft common stock at any time during the Class Period (*i.e.*, March 28, 2019 through and including August 19, 2019) (the "Transfer List").

7. No later than twenty business days after the Court's approval and entry of this Stipulation and Order (the "Notice Date"), the Notice Administrator shall send, by first class

mail, the agreed-upon proposed Notice, substantially in the form attached hereto as Exhibit A, to each person or entity identified on the Transfer List. For all Notices returned as undeliverable, the Notice Administrator shall use best efforts to locate updated addresses.

8. The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have purchased or otherwise acquired Lyft common stock during the Class period for the beneficial interest of persons or entities other than themselves. Such nominees shall either (i) within seven calendar days of receipt of the Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. The Notice Administrator shall follow up with brokers and custodians to ensure the Notice is sent to beneficial owners in a timely manner. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

9. Contemporaneously with the mailing of the Notice, Class Counsel or the Notice Administrator shall establish a website for the Action, www.LyftIPOLitigation.com, from which Class Members may download copies of the Notice, Summary Notice, the operative Complaint, Defendants' Answers to the operative Complaint, the Court's order certifying the Class, and this Stipulation and Order. In addition, Class Counsel shall post the Notice on its website, www.blockleviton.com.

10. Within ten business days after the Notice Date, the Notice Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit B, to be published in the Wall Street Journal and to be transmitted over PR Newswire.

11. The Notice shall provide an address for the purpose of receiving requests for exclusion from the Class and requests for additional copies of the Notice. The requests for exclusion from the Class shall be made by submitting a written request for exclusion as set forth in the Notice and shall be postmarked within sixty calendar days after the Notice Date (the "Exclusion Date").  Except for any members of the Class who timely submit requests for exclusion, Plaintiffs and members of the Class may not, directly or indirectly, representatively, or in any other capacity, commence or continue to pursue any action or proceeding in any court or tribunal asserting any of the claims that are brought or could have been brought in this action, unless the Court issues an order de-certifying the Class or excluding them from the Class at a later date.

12. The Notice Administrator shall identify and number all exclusion requests received and create copies of those requests for all parties. The Notice Administrator shall provide via email weekly reports of exclusion requests received to counsel for all parties. The Notice Administrator will maintain original requests in its files.

13. No later than fifteen business days after the Exclusion Date, Class Counsel shall file with the Court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class.

14. Except for the costs associated with obtaining and producing Lyft's Transfer List, the costs of the notice process shall be borne by Lead Plaintiff, and not by Defendants.

15. This Order may be modified by the Court upon motion by either or both parties, or for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

September 10, 2021                  **BLOCK & LEVITON LLP**

/s/ Jacob A. Walker
Jeffrey C. Block, *pro hac vice*
Whitney E. Street (SBN 223870)
Jacob A. Walker (SBN 271217)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
whitney@blockleviton.com
jake@blockleviton.com

*Class Counsel*

September 10, 2021                  **LATHAM & WATKINS LLP**

/s/ Colleen C. Smith (with permission)
Andrew B. Clubok (admitted *pro hac vice)*
Susan E. Engel (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: 202-637-3323
andrew.clubok@lw.com

Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: 858-523-3985
colleen.smith@lw.com

Elizabeth Deeley (SBN 230798)
505 Montgomery Street, #2000
San Francisco, CA 94111
Telephone: 415-391-0600
elizabeth.deeley@lw.com

Matthew Rawlinson (SBN 231890)
140 Scott Drive
Menlo Park, CA 94025
Telephone: 650-463-3076
matt.rawlinson@lw.com

*Attorneys for Defendants Lyft Inc., Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter*

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

9/14/2021

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

**ATTESTATION**

I, Jacob A. Walker, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Dissemination of Class Notice. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories have concurred with this filing.

/s/ Jacob A. Walker<br>
Jacob A. Walker

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re Lyft, Inc. Securities Litigation | Case No. 4:19-cv-02690-HSG <br> <u>Class Action</u> <br> **NOTICE OF PENDENCY OF CLASS ACTION** |

**If you purchased or otherwise acquired Lyft, Inc. common stock between March 28, 2019 and August 19, 2019, inclusive (the "Class Period"), issued and traceable to the Registration Statement for Lyft's March 28, 2019 Initial Public Offering, a class action lawsuit may affect your rights.**

The purpose of this Notice is to inform you of a class action lawsuit now pending in the United States District Court for the Northern District of California (the "Court") against Lyft, Inc. ("Lyft" or the "Company") and Individual Defendants Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Mirua-Ko, Mary Agnes (Maggie) Wilderotter, (collectively "Defendants"). This Notice is intended only to advise you that the action has been certified by the Court to proceed as a class action on behalf of certain purchasers of Lyft common stock and your rights with respect to the lawsuit.

The Court has not decided whether Defendants did anything wrong, and this Notice is not an admission by Defendants or an expression of any opinion of the Court concerning the merits of the lawsuit, or a finding by the Court that the claims asserted by Class Representative Rick Keiner ("Class Representative") in this case are valid. There is no settlement or monetary recovery at this time, and there is no guarantee there will be any recovery. However, your legal rights are affected.

| **What are my options?** ||
|---|---|
| **DO NOTHING** | **Stay in the lawsuit. Await the outcome. Give up certain rights.** <br><br> By doing nothing, you keep the possibility of sharing in any recovery (monetary or otherwise) that may result from a trial or a settlement. But, you give up any right you may have to pursue claims against Defendants separately and individually about the same or similar factual circumstances and legal claims being raised or that could have been raised in this lawsuit, and you will be bound by the outcome of this case. |
| **ASK TO BE EXCLUDED BY \_\_\_\_\_, 2021** | **Get out of this lawsuit. Get no benefits from it. Keep your rights.** <br><br> If you ask to be excluded from this lawsuit, you will not be bound by what the Court does in this case and will keep any right you may have to sue Defendants separately about the same factual circumstances and legal claims being raised in this lawsuit. If a recovery is later awarded in this case, you would not share in that recovery. |

**Notice of Pendency of Class Action –** *In re Lyft, Inc. Securities Litigation*

**BASIC INFORMATION**

| 1. | Why did I get this Notice? |
|---|---|

You received this Notice because the Court has certified a Class in this lawsuit, and you were identified as a potential Class Member whose rights may be affected by this lawsuit. The receipt of this Notice, however, should not be construed as a determination that you are a member of the Class. This Notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.

You may have legal rights and options to exercise before the Court decides who wins the case. Judge Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is titled *In re Lyft, Inc. Securities Litigation*, No. 4:19-cv-02690-HSG. More information about why the Court is allowing this lawsuit to proceed as a class action is contained in the Court's Order Granting Motion for Class Certification, which is available at www.LyftIPOLitigation.com.

**THE NATURE OF THE LAWSUIT**

| 2. | What does the lawsuit complain about, and what has happened in the case? |
|---|---|

The initial complaint in this action was filed on May 17, 2019. After Mr. Keiner was appointed "Lead Plaintiff" by the Court, he filed a Consolidated Amended Class Action Complaint (the "Complaint") on April 16, 2020. The Complaint alleges that Lyft's Registration Statement issued in connection with its Initial Public Offering ("IPO") contained material misrepresentations, or omitted material facts necessary to make the statements contained therein not misleading, in violation of Sections 11 and 15 of the Securities Act of 1933. The Complaint further alleges that the price of Lyft's common stock fell when the true facts emerged and that investors were damaged by Defendants' misleading statements and omissions of material facts. The Complaint is available at www.LyftIPOLitigation.com

Defendants moved to dismiss the Complaint on May 14, 2020. On September 8, 2020, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. A copy of that September 8, 2020 Order is available at www.LyftIPOLitigation.com.

The parties are currently engaged in discovery. Updates about the case schedule are available at www.LyftIPOLitigation.com.

| 3. | How do the Defendants respond? |
|---|---|

Defendants filed an answer (the "Answer") to the Complaint on October 2, 2020. Defendants deny any wrongdoing in this lawsuit and believe that the claims are without merit. Among other things, Defendants contend that the statements detailed in the Complaint were not materially false or misleading and did not contain material omissions, that they disclosed all information required to be disclosed by the federal securities laws and that the price of Lyft's common stock was not impacted by the statements and alleged omissions at issue. The Defendants also contend that the allegedly omitted information was known to at

2

Notice of Pendency of Class Action – *In re Lyft, Inc. Securities Litigation*

least some investors and that members of the Class did not suffer damages. Defendants' Answer is available at www.LyftIPOLitigation.com.

| **4.** | **Has the Court decided who is right?** |
|---|---|

No. The Court has not decided whether Class Representative or Defendants are correct and there has been no monetary recovery to date. By certifying the Class and issuing this Notice, the Court is not suggesting that Class Representative will win or lose this case. Class Representative will attempt to prove his claims in proceedings that have not yet occurred.

If a settlement of the lawsuit is reached, it will be subject to approval by the Court. Class Members will be sent additional notice of any proposed settlement, and members of the Class who have not excluded themselves will have an opportunity to object to the proposed settlement and will be required to submit a Proof of Claim form to demonstrate their entitlement to any payment, if applicable. Similarly, the Court also may direct further notice to the Class following any judgment that may be entered after the trial of this case, or for any other reason that the Court may determine.

| **5.** | **Is there any money available now?** |
|---|---|

No money or any other benefits are available now because the Court has not yet decided whether Defendants did anything wrong, and the two sides have not settled the case. There is no guarantee that money or any other benefit will ever be obtained. If there is a recovery, you will be notified about how to ask for your share.

THE CLASS

| **6.** | **Who is included in the Class?** |
|---|---|

The Class, as certified by the Court, consists of:

> All persons and entities who, during the period from March 28, 2019, through August 19, 2019, inclusive (the "Class Period"), purchased or otherwise acquired the common stock of Lyft issued and traceable to the IPO Registration Statement.

Excluded from the Class are Defendants and their families, the officers, directors and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest and any entity that underwrote the Lyft IPO including any officer, director or affiliate of any Lyft IPO underwriter.

| **7.** | **What if I'm still not sure if I am included in the Class?** |
|---|---|

If you are still not sure whether you are included in the Class, you can obtain additional information at www.LyftIPOLitigation.com or by writing to the lawyers who were appointed Class Counsel in this case at the addresses set forth below.

3

**Notice of Pendency of Class Action –** *In re Lyft, Inc. Securities Litigation*

YOUR RIGHTS AND OPTIONS

If you are a Class Member, you have the right to decide whether to stay in the Class or ask to be excluded from the Class. If you are a member of the Class and wish to be excluded from the Class, you must request exclusion in accordance with the procedure set forth in question 10 below.

| 8. | What happens if I am a Class Member and I do nothing? |
|---|---|

If you do nothing and are a Class Member, you will be legally bound by all of the orders the Court issues and judgments the Court makes in this class action, and you may not, directly or indirectly, representatively, or in any other capacity, commence or continue to pursue any action or proceeding in any court or tribunal asserting any of the claims that are brought or could have been brought in this action, unless the Court issues anorder de-certifying the Class or excluding you from the Class at a later date. You do not have to do anything now (other than retain any records related to your transactions in Lyft common stock, as detailed below) if you want to keep the possibility of obtaining money or any other benefits from this lawsuit. By doing nothing, you are staying in the Class. If you stay in the Class and Class Representative obtains money or any other benefit, either as a result of a court ruling or a settlement, you will be notified about how to apply for your share. Keep in mind that if you do nothing now, regardless of whether Class Representative wins or loses the case, you will not be able to     pursue claims against Defendants—as part of any other lawsuit—regarding the same or similar factual circumstances and legal claims that are or could have been     the subject of this lawsuit.

If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain any documentation of     your transactions in Lyft common stock, including but not limited to purchases, sales, transfers, or short positions. You should also keep any research or diligence, or documents reflecting such research or diligence, you performed regarding Lyft stock, if any such documents exist. You may later be subject to requests for discovery by Defendants asking for information regarding your transactions and research. Should there be a recovery in the future, members of the Class will be required to support their requests to participate in the distribution of any such recovery by demonstrating their membership in the Class and documenting their purchases and sales of Lyft common stock and their resulting damages. For this reason, please be sure to keep all records of your transactions in Lyft common stock.

| 9. | If I am a Class Member, why would I ask to be excluded? |
|---|---|

If you want to pursue your own lawsuit or claims against Defendants regarding the conduct in this case, do not want to be bound by what the Court does in this case, or if you simply do not want to be part of the Class pursuing claims against Defendants, you need to ask to be excluded from the Class. If you exclude yourself from the Class—which also means to remove yourself from the Class and is sometimes called "opting out" of the Class—you will not be legally bound by the Court's judgments in this class action and will keep any right you may have to later sue Defendants regarding the claims being made in the case. If you exclude yourself, you also will not get any money or any other benefits from this lawsuit, if there are any.

If you start your own lawsuit against Defendants after you exclude yourself, you may have to hire and pay your own lawyer to prosecute that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Defendants, you should talk to your own

4

Notice of Pendency of Class Action – *In re Lyft, Inc. Securities Litigation*

lawyer soon, because your claims may be limited by time and subject to a statute barring your claims for lack of timeliness. You should consult your own lawyer before you decide to exclude yourself.

| 10. | If I am a Class Member, how do I ask the Court to exclude me from the Class? |
|---|---|

If you wish to be excluded, you must send a written request stating that you request exclusion from the Class in *In re Lyft, Inc. Securities Litigation*, No. 4:19-cv-02690-HSG. Your request for exclusion must (i) set forth the name, address, and telephone number of the person or entity requesting exclusion; (ii) specify the number and prices of Lyft common shares purchased and sold during the Class Period and the dates of such purchases and sales; and (iii) be signed by such person or entity, or an authorized representative. Only request exclusion if you do not wish to participate in this class action and do not wish to share in any potential recovery that the class may obtain. You must mail your exclusion request by first class mail, postmarked by no later than _____, 2021, to the following address:

*In re Lyft, Inc. Securities Litigation*
Exclusions / Administrator
PO Box 1730001
Milwaukee, WI 53217

You cannot exclude yourself from the Class by telephone or by email, and a request for exclusion will not be effective unless it contains all of the information called for by this paragraph and is postmarked by the date stated above or is otherwise accepted by the Court.

**THE LAWYERS REPRESENTING THE CLASS**

| 11. | Do I have a lawyer in this case? |
|---|---|

As a member of the Class, you will be represented by the law firm Block & Leviton LLP. This law firm is called "Class Counsel."

Class Counsel

Block & Leviton LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
www.blockleviton.com
(617) 398-5600
LyftIPOLitigation@blockleviton.com

Unless you elect to retain your own personal lawyer, by remaining in the Class you will not subject yourself to any direct obligations to pay the costs of the litigation. In the event there is a recovery by the class, all costs and expenses, including Class Counsel's attorneys' fees, will be paid from that recovery in an amount that is approved by the Court. If there is no recovery, Class Counsel will not receive any attorneys' fees.

| 12. | If I am a Class Member, can I get my own lawyer? |
|---|---|

5

**Notice of Pendency of Class Action –** *In re Lyft, Inc. Securities Litigation*

You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, you have the right to retain your own personal counsel at your own expense. If you retain separate counsel, your counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the address set forth above on or before ____, 2021.

GETTING MORE INFORMATION

| 13. | **Where can I get more information?** |
|---|---|

If you would like more detailed information regarding this action, you may contact Class Counsel or visit www.LyftIPOLitigation.com, where you will find case-related documents and detailed information regarding the action. You may also call the Administrator at 877-888-9031.

You also may review additional documents pertaining to this action by accessing the Court docket in this case for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

| 14. | **What if my address has changed?** |
|---|---|

If this Notice was mailed to you at an old address, or if you move, please advise the Administrator of your current address so that you can receive any future notices and/or Proof of Claim forms. If you are not a member of the Class, you may discard this Notice.

If, for the beneficial interest of any person or entity other than yourself, you purchased the publicly traded common stock of Lyft between March 28, 2019 and August 19, 2019, inclusive, issued and traceable to the Registration Statement, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and mail them yourself; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator at *In re Lyft, Inc. Securities Litigation*, Administrator, PO Box 170500, Milwaukee, WI 53217. If you choose the first option, you must send a statement to the Administrator confirming that the mailing was made, and you must retain your mailing records for use in connection with any further notice that may be provided in the action. If you choose the second option, the Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

[DATE]                              BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    NORTHERN DISTRICT OF CALIFORNIA

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re Lyft, Inc. Securities Litigation | Case No. 4:19-cv-02690-HSG <br> <u>Class Action</u> <br> **SUMMARY NOTICE OF PENDENCY OF CLASS ACTION** |

**To:** All persons and entities who, during the period from March 28, 2019, through August 19, 2019, inclusive (the "Class Period"), purchased or otherwise acquired the common stock of Lyft, Inc. ("Lyft") issued and traceable to Lyft's IPO Registration Statement.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California that the above-captioned action (the "Action") has been certified to proceed as a class action on behalf of the Class as defined above.

In the Action, Lead Plaintiff alleges that Defendants Lyft, Inc. and certain executives and members of Lyft's Board of Directors violated federal securities laws because the Registration Statement issued in connection with Lyft's Initial Public Offering ("IPO") contained material misrepresentations, or omitted material facts necessary to make the statements contained therein not misleading, in violation of Sections 11 and 15 of the Securities Act of 1933. Defendants deny all of Lead Plaintiff's allegations, and deny any wrongdoing or violation of law. Please note: at this time, there is no judgment, settlement, or monetary recovery. Trial in this Action is currently scheduled for December 5, 2022.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION.** A full printed Notice of Pendency of Class Action (the "Notice") is currently being mailed to persons who have been identified as potential Class Members. If you have not yet received the full printed Notice, you may obtain a copy of the Notice by downloading it from **www.LyftIPOLitigation.com** or by contacting the Notice Administrator at:

*Lyft IPO Litigation*, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217
(877) 888-9031

Inquiries, other than requests for the Notice, may be made to the following representatives of Class Counsel:

Jacob Walker, Block & Leviton LLP**,** 260 Franklin Street, Suite 1860, Boston, MA 02110
(617) 398-5600

If you are a Class Member, you have the right to decide whether to remain a member of the Class. ***If you want to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in Lyft common stock, and any research you did regarding your investment in Lyft***. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the proceedings in this Action, including all past, present, and future orders and judgments of the Court, whether favorable or unfavorable. If you move, or if the Notice was mailed to an old or incorrect address, please send the Notice Administrator written notification of your new address.

If you ask to be excluded from the Class, you will not be bound by any order or judgment of this Court in this Action, however you will not be eligible to receive a share of any money which might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion postmarked **no later than _____, 2021**, in accordance with the instructions set forth in the full printed Notice.

**Further information regarding this notice may be obtained by writing to the Notice Administrator at the address provided above.**

        **PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

        BY ORDER OF THE COURT:
        United States District Court for the
        Northern District of California