United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATIAS MALIG, AS TRUSTEE FOR THE MALIG FAMILY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC., et al.,<br><br>Defendants. | Case No. 19-cv-02690-HSG<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 167, 184, 187, 189 |

Pending before the Court are four motions to seal filed by the parties related to Plaintiff's motion for relief from a discovery order, Defendants' motion for judgment on the pleadings, and Plaintiff's motion for class certification. *See* Dkt. Nos. 167, 184, 187, 189. For the reasons detailed below, the Court **GRANTS** two motions and **DENIES** two motions.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because the parties seek to seal materials related to a motion for judgment on the pleadings and a motion for class certification, which are more than tangentially related to the underlying causes of action, the Court applies the compelling reasons standard. The Court will apply the lower good cause standard for documents related to the motion for relief from the Magistrate Judge's discovery order.

As detailed in the table below, the majority of the materials Defendants seek to seal are internal business documents. Defendants assert that "Lyft treats the details of the information it requests to maintain under seal as confidential and sensitive material, and the public disclosure of this information would cause competitive harm to Lyft." Dkt. No. 186 ¶ 5; *see also* Dkt. Nos. 175 ¶ 6, 187 at 2, 189 at 2-3. However, not all information maintained as confidential in the normal course of business merits sealing. The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quotation omitted). Courts have the power to seal records despite the "common-law right of

2

inspection" to ensure that its records are not used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Commc'ns, Inc.*, 435 U.S. at 598. In this vein, the Ninth Circuit has recognized that compelling reasons can warrant sealing trade secrets, which "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (directing the District Court to seal the defendant's pricing terms, royalty rates, and guaranteed minimum payment terms in a licensing agreement). To the extent Defendants argue that sealing the information "would permit the Lyft Defendants to maintain the confidentiality of the information that Lyft Defendants have designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL," the Court repeats that a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Dkt. Nos. 175 at 5, 186 ¶ 4; Civ. L. R. 79-5(d)(1)(A).

The parties seek to seal portions of the Plaintiff's motion for relief from Magistrate Judge Beeler's Discovery Order because they reflect information from documents already filed under seal: the Joint Letter Brief, Exhibits B, D, E, and 1 to the Joint Letter Brief, and the Discovery Order. *See* Dkt. No. 167 at 3; *see also* Dkt. Nos. 161, 162. Judge Beeler previously concluded that these underlying materials warranted sealing under the Local Rules. *See* Dkt. No. 161. Defendants also argue that the current portions sought to be sealed contain "confidential and sensitive" information, public disclosure of which "would cause competitive harm to Lyft." Dkt. No. 175 at 2. The Court finds good cause exists to seal the parties' proposed redactions. *See, e.g.*, *Teradata Corp. et al., v. SAP SE, et al.*, No. 18-cv-03670-WHO, 2019 WL 5698057, at *1 n.1 (N.D. Cal. Nov. 4, 2019) (granting administrative motion to seal portions of the motion for relief that reference information already sealed by the magistrate judge).

The sealing requests related to the motion for judgment on the pleadings, Dkt. Nos. 184 and 187, concern statistical information Defendants allege is derived from confidential rider reports and "could reveal proprietary details regarding Lyft's operations, the number of rides taken on the platform, and details relating to insurance incidents." Dkt. Nos. 186 ¶ 5, 187 at 2. However, the Court's review of the proposed redactions shows only a handful of high-level

3

1  statistics.  No details of any individual rider or incident can be inferred, nor is there operational
2  information beyond the total number of alleged sexual assaults, a relevant issue in this case.  As
3  already noted, "[t]he mere fact that the production of records may lead to a litigant's
4  embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
5  court to seal its records." *Kamakana*, 447 F.3d at 1179.

6  In contrast, the information sought to be sealed relating to the motion for class certification
7  is the sort of non-public information that could be used by a third party to gain a competitive
8  advantage.  *See* Dkt. No. 189.  As Defendants explain, the requested redaction of Exhibit 3 to the
9  Grant Declaration is "tailored to include only statistics regarding the method of acquisition of
10 riders and rate of 'churn' (or turnover)" that competitors could use to Defendants' detriment, such
11 as by leveraging the information to poach Defendants' drivers.  *Id.* at 2-3.  Defendants also ask to
12 seal the financial analysis attached to an investor's declaration.  *See id.* at 3.  This is a much more
13 tailored redaction than originally requested.  *See* Dkt. Nos. 134, 178 at 3.  The Court agrees that
14 this narrow request protects detailed analyses and calculations, including "confidential trading
15 practices and research techniques," that if revealed could be used to the investor's competitive
16 disadvantage.  *See* Dkt. No. 189 at 3.

| Docket No. Public / (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 167 – GRANTED** | | | |
| Dkt. No. 168 / (Dkt. No. 167-3) | Plaintiff's Motion for Relief from Order of Magistrate Judge | Excerpts (*see* Dkt. Nos. 167 and 167-3) | **GRANTED** As explained above, the identified portions contain information from documents previously ordered sealed and the Court finds good cause to seal that information here. |
| Dkt. No. 168-1 / (Dkt. No. 167-5) | [Proposed] Order Granting Motion for Relief from Order of Magistrate Judge | Excerpts (*see* Dkt. Nos. 167 and 167-5) | **GRANTED** As explained above, the identified portions contain information from documents previously ordered |

4

| | | | sealed and the Court finds good cause to seal that information here. |
|---|---|---|---|
| **Dkt. No. 184 – DENIED** | | | |
| Dkt. No. 159 / (Dkt. No. 184-4) | Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings | Excerpts (*see* Dkt. No. 184) | **DENIED** As explained above, Defendants have not established a compelling reason that overrides the presumption of public access. |
| Dkt. No. 159-1 / (Dkt. No. 184-6) | Declaration of Jeffrey C. Block in Support of Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings | Excerpts (*see* Dkt. No. 184) | **DENIED** As explained above, Defendants have not established a compelling reason that overrides the presumption of public access. |
| **Dkt. No. 187 – DENIED** | | | |
| Dkt. No. 170 / (Dkt. No. 187-4) | Defendants' Reply in Support of Motion for Judgment on the Pleadings | Excerpts (*see* Dkt. No. 187) | **DENIED** As explained above, Defendants have not established a compelling reason that overrides the presumption of public access. |
| **Dkt. No. 189 – GRANTED** | | | |
| Dkt. No. 118-3 / (Dkt. No. 189-4) | Exhibit 3 to the Declaration of Meryn Grant in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | Portion of page 22 | **GRANTED** The portions sought to be sealed contain confidential proprietary business information that does not directly pertain to the alleged misrepresentations in this action and, if publicly released, could be used to Defendants' competitive disadvantage. |
| Dkt. No. 135-2 / (Dkt. No. 189-6) | Exhibit 24 to the Supplemental | Pages 32-72 in their entirety | **GRANTED** The portions sought |

| | Declaration of Meryn Grant in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification | | to be sealed contain confidential proprietary business information, including detailed investment strategies, that if publicly released could be used to the investor's competitive disadvantage. |
|---|---|---|---|

## III. CONCLUSION

The Court **GRANTS** the motion to seal as to docket numbers 167 and 189 and **DENIES** it as to docket numbers 184 and 187.  The Court **DIRECTS** the parties to file revised public versions of all documents for which the proposed sealing has been denied within seven days of this order.  Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated:  3/31/2022

/s/ Haywood S. Gilliam, Jr.
HAYWOOD S. GILLIAM, JR.
United States District Judge