Jeffrey C. Block, *pro hac vice*
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

Vincent Cheng (SBN 230827)
**Block & Leviton LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
(510) 543-0489 phone
vincent@blockleviton.com

*Attorneys for Lead Plaintiff
Rick Keiner and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In re Lyft, Inc. Securities Litigation,<br><br>This document relates to:<br><br>ALL ACTIONS | Lead Case No.: 4:19-cv-02690-HSG<br><br>**Declaration of Jeffrey C. Block Concerning Revised Stipulation and Agreement of Class Action Settlement**<br><br>Hon. Haywood S. Gilliam, Jr. |

I, JEFFREY C. BLOCK, declare as follows:

1. I am an attorney admitted to practice before this Court *pro hac vice.* I am a member of Block & Leviton LLP, lead counsel for Lead Plaintiff Rick Keiner ("Lead Plaintiff") and the Class in the above-captioned action. I make this declaration concerning the Revised Stipulation and Agreement of Class Action Settlement (the "Revised Stipulation"). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. On June 16, 2022, Lead Plaintiff filed his Notice of Motion, Unopposed Motion for Preliminary Approval of Settlement, and Memorandum of Points and Authorities in Support Thereof (the "Motion"). Attached to the Motion was Lead Plaintiff's and Defendants'[1] (together, the "Parties") Stipulation and Agreement of Class Action Settlement (the "Settlement Stipulation").

3. The Court held a hearing on the Motion on September 15, 2022. After the hearing, the Court entered a Minute Order directing the Parties to, among other things, file with the Court "any revised release or a statement that the parties decline to revise the release…" *See* ECF No. 268.

4. Also on September 15, 2022, after the hearing before the Court, counsel for Lead Plaintiff held a meet and confer with counsel for the Defendants and counsel for Frederic Lande, Palm Bay Police & Firefighters' Pension Fund, and Greater Pennsylvania Carpenters' Pension Fund (the "Proposed Intervenors"). The Parties subsequently agreed to amend the Settlement Stipulation to change the language of the release, to permit parties that have previously opted-out of the Class to opt back into the Class and to revise the plan of allocation to allow for payments of a minimum of $10 to class members who have any recognized loss.

5. Counsel for Lead Plaintiff shared a draft of the revised release reflecting these and other changes with counsel for the Proposed Intervenors on the morning of September 22, 2022.

6. On September 27, 2022, counsel for Proposed Intervenors requested Lead Plaintiff to include the following statement regarding their position in this filing:

---

[1] Defendants are Lyft, Inc. ("Lyft"), Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes Wilderotter.

"State Court Plaintiffs' counsel have reviewed the federal plaintiff's and defendants' edits to the stipulation of settlement, and believe that the edits do not address the Court's concerns, including that the release as edited still releases all claims asserted in the state court action, including those the federal plaintiffs sought to amend into their complaint. For those reasons and others the State Court Plaintiffs intend to raise, the State Court Plaintiffs oppose preliminary approval of the settlement."

**Revised Release**

7. This action charges that Defendants violated the Securities Act of 1933 by making material misrepresentations and omitting to disclose material facts in Lyft, Inc.'s ("Lyft") Initial Public Offering ("IPO") Registration Statement. Lead Plaintiff's Consolidated Amended Class Action Complaint ("CAC"), filed April 16, 2020, contained six categories of alleged misstatements that formed the basis of his Securities Act claim, including that Lyft's Registration Statement misstated the company's market share. *See* ECF No. 74.

8. After this Court dismissed the allegations concerning market share, but sustained Lead Plaintiff's Section 11 cause of action on other theories, ECF No. 96, Lead Plaintiff moved for leave to file a Second Amended Class Action Complaint ("SAC") based on newly discovered evidence. *See* ECF No. 206. While the SAC did not add a new cause of action – it still charged that Lyft's Registration Statement contained misrepresentations and omitted to reveal material facts - it did seek to add new allegations that the Registration Statement also misled investors by misrepresenting Lyft's share of the ride share market and that it was engaged in a price war with Uber. Lead Plaintiff's motion was fully briefed by January 18, 2022. ECF No. 237. On January 27, 2022, this Court took the motion under consideration and took the hearing scheduled for February 3, 2022 off calendar. ECF No. 239.

9. The Revised Stipulation revises the definition of "Released Claims." *See* Revised Stipulation at ¶1.22. As defined, a Released Claim no longer contains any reference to the State Action.[2] Thus, a Class Member who chooses to remain in the Class will, consistent with other

---

[2] "State Action" means the consolidated case currently pending before Judge Andrew Y.S. Cheng of the California Superior Court, County of San Francisco, captioned *In re Lyft, Inc. Securities*

settlements approved by this Court,³ release claims that were or could have been asserted in this (or another) action, arising from the same transactions or occurrences that form the basis of this action – namely claims that Lyft's IPO Registration Statement contained misrepresentations and omitted to disclose material facts.

10. The revised definition of "Released Claims" eliminates any ambiguity that the individual claims of the Proposed Intervenors in the State Action, or claims ultimately pursued in that action by any individual who opts-out of this Class, will be extinguished by the settlement of this Action. Anyone who has opted out of the Class or who may opt out can pursue claims against Defendants on an individual basis.

11. However, consistent with any class settlement, Class Members who choose to remain in the Class will release all claims under the Securities Act that are "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). This includes claims that were "not presented and might not have been presentable in the class action." *Id.* (citation omitted); *see also In re Broadcom Corp. Sec. Litig.*, 2005 WL 8152913, at *2 (C.D. Cal. Sept. 12, 2005) (same). Courts routinely apply this logic to cases arising under the Securities Act, including to bar future re-litigation of claims that "could

---

*Litigation*, Case No. CGC-19-575293. The Proposed Intervenors are plaintiffs in the State Action. Judge Cheng denied class certification in the State Action. *See* ECF 263-1.

³ *See, e.g., Fleming v. Impax Lab'ys Inc.*, No. 16-CV-06557-HSG, 2022 WL 2789496, at *3 (N.D. Cal. July 15, 2022) (releasing "[A]ny and ***all claims***, rights, liabilities, and causes of action of every nature and description . . . that Lead Plaintiff or any other member(s) of the Class ***asserted or could have asserted in any forum*** that both (i) arise out of, are based upon, or are related in any way to the allegations, transactions, facts, events, matters, occurrences, disclosures, statements, representations, or omissions referred to in the Action, and (ii) relate to the purchase or acquisition of Impax common stock…") (emphasis added); *Vataj v. Johnson*, No. 19-CV-06996-HSG, 2021 WL 5161927, at *3 (N.D. Cal. Nov. 5, 2021) (releasing "[A]ny and ***all claims*** . . . whether arising out of or relating to the period prior to or after the date of the Initial Complaint that any Releasing Persons in their capacity as a shareholder of PG&E (a) ***asserted in the Initial Complaint, the Complaint, or the Action***; or (b) ***could have been asserted in any forum*** that arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part, to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Initial Complaint, the Complaint, or the Action and that relate to the purchase, acquisition, sale, disposition or holding of PG&E common stock during the Class Period" with the clarification that claims arising prior to the class period would not be released) (emphasis added).

have [been] asserted in any forum that arise out of or are based upon or are related to the allegations, contentions, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or the Action." *Booth v. Strategic Realty Tr., Inc.*, No. 13-CV-04921-JST, 2015 WL 3957746, at *8 (N.D. Cal. June 28, 2015) (finding settlement release proper); *see also supra* n.2 (listing other cases with similar releases approved by the Court). This Court has also held that the same kind of release meets the "identical factual predicate" rule in the Fair Labor Standards Act context. *See Dahl v. Bay Power Inc.*, No. 20-CV-07062-HSG, 2021 WL 2313388, at *2 (N.D. Cal. May 28, 2021). As the Ninth Circuit held in *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006), settlements properly release claims under the same statute that proceed under a different legal theory because the "identical factual predicate" test turns on the similarity between the underlying conduct and harm (not identity of legal theories). *Id.* at 748-79. *Reyn's Pasta Bella* involved parallel antitrust actions that asserted different theories of liability. *Id.* at 748. The "*Wal-Mart*" action asserted that Visa and Mastercard were liable under the antitrust laws for "tying" acceptance of their credit cards to acceptance of their debit cards and by conspiring to monopolize the debit card market. *Id.* The "*Pasta Bella*" plaintiffs asserted that Visa and Mastercard were liable under the antitrust laws for conspiring to fix the credit card interchange rates charged to merchants. *Id.* The "*Wal-Mart*" action settled its claims on a classwide basis – a class that included the "*Pasta Bella*" plaintiffs because they chose to remain in the class – and released "all antitrust liability" against Visa and Mastercard. *Id.* at 745. The Ninth Circuit expressly held that the *Pasta Bella* Plaintiffs' "claims are extinguished by the *Wal-Mart* settlement because the two actions share an identical factual predicate." *Id.* at 744. The Court explained that "[w]hile [the *Pasta Bella*] Plaintiffs seek to hold Defendants liable by positing a different theory of anti-competitive conduct, the price-fixing predicate (price-fixing interchange rates) and the underlying injury are identical. Therefore, Plaintiffs' claims were extinguished by the *Wal–Mart* settlement." *Id.* at 749. In this case, both Federal and State Plaintiffs charge that Lyft's IPO Registration Statement contained misrepresentations and omitted to disclose material facts. Both sets of Plaintiffs share an identical injury – the decline in Lyft's share price. Both actions seek to represent

the exact same class – all investors who purchased Lyft shares issued pursuant to, or traceable to, the Registration Statement. Thus, both actions share an identical factual predicate.

12. This conclusion also comports with foundational res judicata principles that require dismissal of later actions predicated on the same set of facts, even if they raise different theories of liability. *See Reyn's Pasta Bella*, 442 F.3d at 749 (9th Cir. 2006) (affirming dismissal of a class action against credit card companies predicated on the same price-fixing predicate and injury as claims settled in an earlier class action, even though the subsequent suit "posit[ed] a different theory of anti-competitive conduct"); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1987) ("Where the same foundation of facts serve as a predicate for each proceeding, differences in legal theory and consequent remedy do not create a separate cause of action."). Resolution of Lead Plaintiff's Securities Act claims necessarily precludes further litigation of additional claims under the same statute stemming from Lyft's IPO, except for the individual claims of any opt-outs. *See In re Stec Inc. Sec. Litig.*, No. CV 09-8536-JVS MLGX, 2012 WL 6965372, at *8 (C.D. Cal. Mar. 7, 2012) (denying request to split Exchange Act and Securities Act claims into separate actions because they "share the 'same foundation of facts'" and "the doctrine of res judicata is 'not avoided by alleging new conduct or pleading new legal theories'" (citations omitted)).

13. In accordance with all of the above Ninth Circuit precedent, individuals who choose to remain in the Class will, under the Revised Stipulation, release all claims arising out of Lyft's Registration Statement that have been or could have been asserted in this action, including the ability to pursue different theories of liability under the same cause of action, the Securities Act of 1933.

14. Judge Andrew Y.S. Cheng's opinion denying class certification, without prejudice, and staying the State Action, while not binding, is persuasive on this matter. As Judge Cheng explained:

> The Court finds the state and Federal Actions are substantially identical. It is undisputed the class definitions in this action and the Federal Action are identical. They also both assert claims under § 11 of the Securities Act only, and are rooted in substantially the same facts. To the extent the underlying theories supporting the Federal and State court claims differ, those differences do not circumvent this substantial overlap. . . .

> [W]hile there may be additional market share misstatements, defendants, or claims alleged here that are not encompassed in the Federal Action, the claims here are substantially similar to those in the Federal Action and plainitffs concede that the Federal Action may have the ability to maintain the additional market share misstatements. In fact, a motion to amend is pending in the Federal Action.

ECF No. 263-1 at 5–6. Accordingly, by the normal operation of preclusion, Class Members who remain in the Class and under the revised "Released Claims" definition will not be able to bring claims against Lyft or any other party claiming that Lyft's IPO Registration Statement contained misrepresentations or omitted to disclose material facts.

*Opt Back In*

15. The Revised Stipulation now includes a provision permitting persons or entities who previously excluded themselves from the Class (*see* ECF Nos. 232, 235) to revoke their request for exclusion. *See* Revised Stipulation at ¶ 8.7.

16. Persons who choose to revoke their previous request for exclusion will rejoin the Class and will have the same rights and standing as any other Class Member, including the right to object to the proposed settlement and to submit a claim for payment from the settlement fund. They will also be bound by any judgment that might enter in this Action.

*Plan of Allocation*

17. The Plan of Allocation contained in the Notice of (I) Pendency of Proposed Settlement; (II) Motion for and Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Hearing, originally filed at ECF No.249-4 on June 16, 2022, has been revised such that Class Members with claim amounts lower than $10.00 but greater than $0.00 will receive $10.00.

*Revised Settlement Documents*

18. Attached hereto as **Appendix 1** is the Revised Stipulation, and attached hereto as **Appendix 1A** is the Revised Stipulation with revisions in redline reflecting changes to the original Stipulation and Agreement of Class Action Settlement filed on June 16, 2022, at ECF No. 249-2. The Parties have made the following changes:

    a. Updated the date of the Revised Stipulation to September 27, 2022;

    b. Revised the definition of "Released Claims" at ¶ 1.22;

  c. Edited a Reference Error in ¶ 8.5;

  d. Added ¶ 8.7 granting persons who have previously requested exclusion the right to opt back into the Class.

19. Attached hereto as **Appendix 2** is Exhibit A to the Revised Stipulation, the [Proposed] Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice to the Class ("Proposed Order"), and attached hereto as **Appendix 2A** is the Proposed Order with revisions in redline reflecting changes to the version previously filed on June 16, 2022, at ECF No. 249-3. The Parties have made the following changes:

  a. Updated the date of the Revised Stipulation to September 27, 2022;

  b. Added language to ¶¶ 10–11 granting persons who have previously requested exclusion the right to opt back into the Class;

  c. Changed the deadline for objections from twenty-one to thirty-five calendar days prior to the Settlement Hearing to give the Parties adequate time to respond to anticipated objections from the Proposed Intervenors. *See* ¶¶ 13–14.

20. Attached hereto as **Appendix 3** is Exhibit A-1 to the Revised Stipulation, the Notice of (I) Pendency of Proposed Settlement; (II) Motion for and Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Hearing ("Long Notice"), and attached hereto as **Appendix 3A** is the Long Notice with revisions in redline reflecting changes to the version previously filed on June 16, 2022, at ECF No. 249-4. The Parties have made the following changes:

  a. Updated the date of the Revised Stipulation to September 27, 2022;

  b. Included language advising persons who previously requested exclusion of their right to opt back into the Class;

  c. Revised the definition of "Released Claims" at pages 9–10;

  d. Revised ¶¶ 8 and 13 of the Proposed Plan of Allocation to provide that claimants with a distribution amount below $10 shall receive $10;

  e. Updated page reference numbers.

21. Attached hereto as **Appendix 4** is Exhibit A-2 to the Revised Stipulation, the Proof of Claim and Release, and attached hereto as **Appendix 4A** is the Proof of Claim and Release with

revisions in redline reflecting changes to the version previously filed on June 16, 2022, at ECF No. 249-5. The Parties have made the following change:

    a. Updated the date of the Revised Stipulation to September 27, 2022.

22. Attached hereto as **Appendix 5** is Exhibit A-3 to the Revised Stipulation, the Summary Notice of (I) Proposed Settlement; (II) Motion For an Award Of Attorneys' Fees And Reimbursement of Litigation Expenses; And (III) Settlement Hearing (the "Summary Notice"). The Parties have not revised the Summary Notice from the version previously filed on June 16, 2022, at ECF No. 249-6.

23. Attached hereto as **Appendix 6** is Exhibit B to the Revised Stipulation, the [Proposed] Judgment Approving Class Action Settlement ("Proposed Judgment"), and attached hereto as **Appendix 6A** is the Proposed Judgment with revisions in redline reflecting changes to the version previously filed on June 16, 2022, at ECF No. 249-7. The Parties have made the following change:

    a. Updated the date of the Revised Stipulation and supporting exhibits to September 27, 2022.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 27, 2022.

/s/ Jeffrey C. Block
Jeffrey C. Block