United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re LYFT INC. SECURITIES LITIGATION

Case No. 19-cv-02690-HSG

**ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL**

Re: Dkt. Nos. 251, 295

Before the Court are Lead Plaintiff's administrative motions to file documents under seal. Dkt. Nos. 251, 295. The Court **GRANTS IN PART** and **DENIES IN PART** the motion at Dkt. No. 251 and **GRANTS** the motion at Dkt. No. 295.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The request must be "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Plaintiff seeks to seal the threshold of class member opt-outs that would allow Defendants to withdraw from the settlement, which was submitted at the Court's request in support of the motion for preliminary approval. *See* Dkt. No. 295. Plaintiff also seeks to seal portions of the operative second amended complaint. *See* Dkt. No. 251.

The motion for preliminary approval of class settlement is more than tangentially related to the underlying action and the complaint is the pleading on which this case is based, so the Court applies the "compelling reasons" standard. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260- BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion to seal portions of complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").

To start, the Court finds that there are compelling reasons to seal the opt-out threshold and **GRANTS** the motion at Dkt. No. 295. As courts have recognized, the threshold should be kept confidential to discourage third parties with ulterior motives from soliciting class members to opt out. *See, e.g.*, *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (sealing threshold number of opt-outs "to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts"); *Friedman v. Guthy-Renker, LLC*, No. 214CV06009ODWAGRX, 2016 WL 5402170, at *2 (C.D. Cal. Sept. 26, 2016) (finding "potential for abuse outweighs the interest in public access" to the opt-out threshold). The request is narrowly tailored because Plaintiff seeks to seal only the number and percentage of shares that would trigger the option to withdraw.

Regarding the motion to seal portions of the complaint, the Court finds there are compelling reasons to seal only paragraph 125. In their declaration in support of Plaintiff's motion, Defendants clarify that they do not seek to seal paragraphs 96–99 or 122. *See* Dkt. No. 254 at 4. Defendants contend that the remaining paragraphs regard "Lyft's business strategy for differentiating itself from its competitors, as well as Lyft's internal analysis of that strategy." *See id.* at 3. The paragraphs reference internal business documents related to Lyft's IPO Roadshow presentation.

However, most of the portions of the complaint Defendants seek to seal either come directly from a document that has already been the subject of motions to seal and is filed publicly at Dkt. No. 189-3 or mirror talking points already in that document, if not word-for-word, in

United States District Court
Northern District of California

slightly different terms. *See* Dkt. No. 178 (denying motion to seal Exhibit 3 to the Declaration of Meryn Grant); Dkt. No. 189 (renewing request to seal); Dkt. No. 243 at 4 (granting request to seal a portion of a single page of Exhibit 3). Defendant sought to seal only a small portion of the underlying document, and the Court granted the request at that time in part on the basis that it was narrowly tailored. That approved redaction does not encompass the information at issue here, and there is no justification for sealing portions of the complaint that merely refer to or echo information already available. This applies to paragraphs 16, 93, and 95.

As to paragraphs 94 and 124, the Court disagrees with Defendant's conclusory assertion that "competitors could use the information to Lyft's detriment." *See* Dkt. No. 254 at 3. Both paragraphs contain high-level statements regarding analysts and investors that are more generalized than the types of statements the Court has previously declined to seal in this case. *See* Dkt. No. 178 at 3. The only paragraph that requires sealing is 125, because it reveals specific, confidential investor information. Thus, the motion is **DENIED** as to paragraphs 16, 93–99, 122, and 124. The motion is **GRANTED** only as to paragraph 125.

## III. CONCLUSION

Accordingly, the Court **GRANTS** the administrative motion to seal at Docket No. 295. The Court **GRANTS IN PART** and **DENIES IN PART** the administrative motion to seal at Docket No. 254. Documents filed under seal as to which the administrative motions are granted will remain under seal. *See* Civ. L.R. 79-5(g)(1). The Court **DIRECTS** the parties to file public versions of all documents or portions of documents for which the proposed sealing has been denied within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated: 3/16/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge