UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Lyft, Inc. Securities Litigation | Case No. 19-cv-02690-HSG<br><br>**ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR APPROVAL OF DISTRIBUTION PLAN**<br><br>Re: Dkt. No. 397 |

IT IS HEREBY ORDERED THAT:

1. The Court hereby approves the administrative determinations of A.B. Data, Ltd. ("Claims Administrator"), accepting and rejecting the Claims received pursuant to the Settlement of the above-captioned action. The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in the Declaration of Adam D. Walter In Support Of Lead Plaintiff's Motion for Approval of Distribution Plan, at the direction of Lead Counsel and pursuant to the Order Granting Motions for Final Approval and Attorneys' Fees and Expenses and Denying Motion for Costs for Lead Plaintiff, ECF No. 388, and the Plan of Allocation set forth in the Notice distributed to Class Members, ECF No. 314-2 Ex. A at 9–11.

2. No Claim received or adjusted after August 30, 2024, is eligible for payment, except in the event that after the Second Distributions and any further distributions thereafter, Lead Counsel in consultation with the Claims Administrator determines that further distribution of the remaining funds would not be cost effective, but that sufficient funds remain to warrant the processing of Claims received after August 30, 2024.

3. The Court finds that the administration of the Settlement and proposed distribution

of the Net Settlement Fund complies with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all Claims arising out of such involvement, and all Class Members are barred from making any further Claims against the Net Settlement Fund and the Released Defendant Parties and Released Plaintiff Parties (as defined in the Stipulation, ECF No. 293-1 at ¶¶1.24–1.25) beyond the amount allocated to them pursuant to this Order.

4. The Court further finds, pursuant to the Stipulation, ECF No. 293-1 at ¶6.6, Lead Plaintiff, Lead Counsel, and the Claims Administrator are hereby released from any claims arising from their decisions to exercise or not exercise their discretion to process claims postmarked or received after May 22, 2023.

5. The checks for distribution to Authorized Claimants shall bear the notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Lead Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimants who have not cashed their checks within said time.

6. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any remaining balance in the Net Settlement Fund nine (9) months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their checks.

7. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter at six-month intervals until Lead Counsel, in consultation with the Claims Administrator, determines that further distribution is not cost-effective. At this time, if sufficient funds remain to warrant the processing of Claims received after August 30, 2024, those Claims will be processed, and any otherwise valid Claims

received after August 30, 2024, as well as any earlier-received Claims for which an adjustment was received after August 30, 2024, that resulted in an increased Recognized Claim, will be paid.

8. If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to the Bluhm Legal Clinic Center for Litigation and Investor Protection at Northwestern University Pritzker School of Law.

9. The Claims Administrator must maintain the paper copies of the Claims and all supporting documentation for one (1) year after the initial distribution and must maintain electronic copies of the same for one (1) year after all funds have been distributed. The Claims Administrator may thereafter destroy the paper copies and electronic copies of the Claims.

10. Payment of up to $134,226.94 is authorized to the Claims Administrator for reasonable costs already incurred and in anticipation of the work that will be performed for distribution. Any excess will be returned to the Net Settlement Fund.

11. The Court retains jurisdiction to consider all further applications arising out of or connected with this Action and/or the Settlement.

12. The parties and settlement administrator are directed to implement the Court's order granting final approval and the settlement agreement in accordance with the terms of the settlement agreement.

13. Within 21 days after the settlement checks become stale (or, if no checks are issued, all funds have been paid to class members, cy pres beneficiaries, and others pursuant to the settlement agreement), the parties must file a Post-Distribution Accounting, which provides the following information:

> The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per

3

claimant, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each *cy pres* recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier.

Counsel are directed to summarize this information in an easy-to-read chart that allows for quick comparisons with other cases. The parties shall post the Post-Distribution Accounting, including the chart, on the settlement website. The Court may hold a hearing following submission of the parties' Post-Distribution Accounting.

**IT IS SO ORDERED.**

Dated: 11/14/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge